UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD | : | |
| | : | |
| Petitioner | : | No. |
| v. | : | |
| | : | Board Case Nos.: |
| HAVEN SALON + SPA, INC. | : | 18-CA-266091 |
| | : | 18-CA-267818 |
| Respondent | : | |

JUDGMENT ENFORCING AN ORDER OF THE
NATIONAL LABOR RELATIONS BOARD

Before:

    This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Haven Salon + Spa, Inc., its officers, agents, successors, and assigns, enforcing its order dated June 17, 2021, in Case Nos. 18-CA-266091 and 18-CA-267818, and the Court having considered the same, it is hereby

    ORDERED AND ADJUDGED by the Court that the Respondent, Haven Salon + Spa, Inc., its officers, agents, successors, and assigns, shall abide by said order (See Attached Order and Appendix).

_____
Judge, United States Court of
Appeals for the Seventh Circuit

NATIONAL LABOR RELATIONS BOARD

v.

HAVEN SALON + SPA, INC.

## ORDER

Haven Salon + Spa, Inc., its officers, agents, successors, and assigns, shall

1. Cease and desist from

    a. Impliedly telling employees that they can only share safety concerns with management.

    b. Threatening employees with unspecified reprisals and other actions against them because they participated in Board activities and protected concerted activities.

    c. Threatening employees with unspecified reprisals against their family members because the employee participated in Board activities and protected concerted activities.

    d. Discharging or otherwise discriminating against employees because of their protected concerted activities.

    e. In any like or related manner interfering with, restraining or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act:

    a. Within 14 days from the date of this Order, offer Katherine Rehm full reinstatement to her former job, or, if that job no longer exists, to a substantially equivalent position, without prejudice to her seniority or any other rights or privileges previously enjoyed.

    b. Make Katherine Rehm whole for any loss of earnings and other benefits suffered as a result of the discrimination against her, in the manner set forth in the remedy section of this decision, plus reasonable search-for-work and interim employment expenses.

    c. Compensate Katherine Rehm for the adverse tax consequences, if any of receiving a lump-sum backpay award, and file with the Regional Director for Region 18, within 21 days of the date the amount the backpay is fixed,

  either by agreement or Board order, a report allocating the backpay award to the appropriate calendar year(s).

d. File with the Regional Director for Region 18 a copy of Katherine Rehm's back corresponding W-2 forms reflecting backpay.

e. Within 14 days from the date of this Order, remove from its files any reference to the unlawful suspension and discharge of Katherine Rehm, and within 3 days thereafter, notify Rehm in writing that this has been done and the suspension and discharge will not be used against her in any way.

f. Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of such record if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this Order.

g. Within 14 days after service by the Region, post at its New Berlin and Muskego, Wisconsin facilities copies of the attached notice marked "Appendix."[1] Copies of the notice, on forms provided by the Regional Director for Region 18, after being signed by Respondent's authorized representative, shall be posted by Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site and/or other electronic means, if Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by Respondent to ensure that the notices are not altered, defaced, or covered by any other material. If Respondent has gone out of business or closed any facility involved in these proceedings,

---

[1] If the facilities involved in these proceedings are open and staffed by a substantial complement of employees, the notices must be posted within 14 days after service by the Region. If the facilities involved in these proceedings are closed to due to Coronovirus Disease 2019 (COVID-19) pandemic, the notices must be posted within 14 days after the facility reopens and a substantial complement of employees have returned to work, and the notices may not be posted until a substantial complement of employees have returned to work. Any delay in the physical posting of paper notices also applies to the electronic distribution of the notice if Respondent customarily communicates with its employees by electronic means.

Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by Respondent at any time since July 24, 2020.

h. Within 21 days after service by the Region, file with the Regional Director for Region 18 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that Respondent has taken to comply.

# APPENDIX

## NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
COURT OF APPEALS ENFORCING AN ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this Notice.

**FEDERAL LAW GIVES YOU THE RIGHT TO**
Form, join, or assist a union
Choose representatives to bargain with us on your behalf
Act together with other employees for your benefit and protection
Choose not to engage in any of these protected activities.

WE WILL NOT impliedly tell you that you can only discuss safety concerns with management.

WE WILL NOT impliedly threaten you or your family with unspecified reprisals and actions because you participate in activities with the National Labor Relations Board.

WE WILL NOT discharge you because of your protected concerted activities.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights listed above.

WE WILL, within 14 days from the date of this Order, offer Katherine Rehm full reinstatement to her former job, or, if that job no longer exists, to a substantially equivalent position, without prejudice to her seniority or any other rights or privileges previously enjoyed.

WE WILL compensate Katherine Rehm for any loss of earnings and other benefits suffered as a result of her unlawful suspension and discharge, less any interim earnings, plus interest, and WE WILL also make Rehm whole for reasonable search-for-work and interim employment expenses, plus interest.

WE WILL compensate Katherine Rehm for the adverse tax consequences, if any, of receiving a lump-sum backpay award, and WE WILL file with the Regional Director for Region 18, within 21 days of the date the amount of backpay is fixed,

either by agreement or Board order, a report allocating the backpay award to the appropriate calendar year(s).

WE WILL file with the Regional Director for Region 18 a copy of Katherine Rehn's corresponding W-2 form(s) reflecting the backpay award.

WE WILL, within 14 days from the date of this Order, remove from our files any reference to Katherine Rehm's unlawful suspension and discharge, and WE WILL, within 3 days thereafter, notify her in writing that this has been done and that the loss of employment will not be used against her in any way.

|  | Haven Salon + Spa, Inc. |
|---|---|
|  | (Employer) |

Dated _____ By _____
                              (Representative)              (Title)

The National Labor Relations Board is an independent Federal agency created in 1935 to enforce the National Labor Relations Act. It conducts secret-ballot elections to determine whether employees want union representation and it investigates and remedies unfair labor practices by employers and unions. To find out more about your rights under the Act and how to file a charge or election petition, you may speak confidentially to any agent with the Board's Regional Office set forth below.  You may also obtain information from the Board's website: www.nlrb.gov

Federal Office Building, 212 3rd Avenue, S. Suite 200, Minneapolis, MN 55401-2221
(612) 348-1797, Hours: 8:00 a.m. to 4:30 p.m.

The Board's decision can be found at https://www.nlrb.gov/case/18-CA-266091 or by using the QR code below. Alternatively, you can obtain a copy of the decision from the Executive Secretary, National Labor Relations Board, 1015 Half Street, S.E., Washington, D.C. 20570, or by calling (202) 273-1940.



**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

THIS NOTICE MUST REMAIN POSTED FOR 60 CONSECUTIVE DAYS FROM THE DATE OF POSTING AND MUST NOT BE ALTERED, DEFACED, OR COVERED BY ANY OTHER MATERIAL. ANY QUESTIONS CONCERNING THIS NOTICE OR COMPLIANCE WITH ITS PROVISIONS MAY BE DIRECTED TO THE ABOVE REGIONAL OFFICE'S COMPLIANCE OFFICER (414) 930-7203.