# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

_____

| | |
|---|---|
| **NATIONAL LABOR RELATIONS BOARD,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 21-2413 |
| ) | |
| **HAVEN SALON+SPA, INC.** ) | |
| ) | |
| Respondent. ) | |
| ) | |

_____

### PETITION OF THE NATIONAL LABOR RELATIONS BOARD
### FOR ADJUDICATION IN CIVIL CONTEMPT AND
### FOR OTHER CIVIL RELIEF

To the Honorable, the Judges of the United States
 Court of Appeals for the Seventh Circuit:

The National Labor Relations Board ("Board" or "NLRB"), an administrative agency of the United States Government, respectfully petitions the Court to adjudge Haven Salon+Spa, Inc. ("Haven") in civil contempt for violating and failing to comply with a judgment issued by this Court on September 30, 2021 ("Judgment"), by failing to notify employee Katherine Rehm in writing that it has removed from its files any reference to her unlawful suspension and discharge and that those actions will not be used against her, by failing to post at each of Haven's two locations a signed copy of a

notice of employees' rights, and by failing to file a sworn certification with the NLRB attesting to the steps taken by Haven to comply with the Judgment.

In support of its Petition, the NLRB, upon information and belief, alleges as follows:

1. Haven is a Wisconsin corporation that provides personal care and wellness services, with a facility in the city of Muskego and a facility in the city of New Berlin.

2. On September 30, 2021, this Court entered the Judgment in Case Number 21-2413 (Exhibit A), fully enforcing a Decision and Order entered by the Board against Haven on June 17, 2021 (Exhibit B).

3. The Judgment directs Haven to, among other things, take the following affirmative actions:

> \*        \*        \*        \*        \*
>
> (e) Within 14 days from the date of [the] Order, remove from its files any reference to the unlawful suspension and discharge of Katherine Rehm, and within 3 days thereafter, notify Rehm in writing that this has been done and the suspension and discharge will not be used against her in any way.
>
> \*        \*        \*        \*        \*
>
> (g) Within 14 days after service by the Region, post at its [two] facilities copies of the [Notice to Employees]. Copies of the [N]otice, on forms provided by the Regional Director for Region 18, after being signed by Respondent's authorized representative, shall be posted by Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site

2

and/or other electronic means, if Respondent customarily communicates with its employees by such means . . . .

(h) Within 21 days after service by the Region, file with the Regional Director for Region 18 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

4. The Judgment has been in full force and effect since its entry and, at all material times, Haven has had notice and actual knowledge of the terms thereof.

5. Since October 4, 2021, the Board has sent numerous correspondence – both in physical form and electronically – to Haven's owners, requesting that Haven comply with the Board Order as enforced by the Judgment.

6. To date, Haven has not notified Ms. Rehm in writing that it maintains no records referencing her unlawful suspension and discharge, nor has Haven notified her that those unlawful actions will not be used against her in any way.

7. To date, Haven has not posted a copy of the Notice to Employees at its Muskego facility or New Berlin facility, or distributed it electronically.

8. To date, Haven has not filed a sworn certification – attesting to the steps that it has taken to comply with the Judgment – with the NLRB Regional Director for Region 18.

9. By the conduct described above in paragraphs 6 through 8, Haven has violated and disobeyed the Judgment, and accordingly is, and continues to be, in civil contempt of this Court.

# **PRAYER FOR RELIEF**

The NLRB respectfully requests as follows:

A. That this Court issue an order requiring Haven to serve and file its sworn answers to the allegations of this Petition in which it shall admit or deny or meet by affirmative defense each allegation and show cause, if any there be, why it should not be adjudged in civil contempt for disobeying and failing and refusing to comply with the Judgment.

B. That following appropriate proceedings, Haven, and any officer or agent thereof found to have acted in concert or participation with Haven in violating the Judgment, be adjudged in civil contempt.

C. That upon adjudication in contempt, the Court enter an order requiring Haven, its officers, agents, successors, and assigns, to purge themselves of such contempt by undertaking the following:

> i. Fully complying with the Judgment, and not in any way, by action or inaction, engaging in, inducing, encouraging, permitting, or condoning any violation of said Judgment;
>
> ii. Within seven (7) days of the contempt adjudication notifying Katherine Rehm in writing that it has removed from its files all references to her unlawful suspension and discharge and that those actions will not be used against her in any way;

   iii. Within ten (10) days after service by the Board of a Notice to Employees prepared by the Board, posting a copy of the contempt adjudication and Notice to Employees in conspicuous places where notices to employees are customarily posted for a period of sixty (60) consecutive days. The Notice shall be signed by an appropriate representative on behalf of Haven and shall be maintained in clearly legible condition throughout the 60-day period. Said notice shall state that Haven has been adjudged in civil contempt of this Court for violating and disobeying the Court's Judgment, and that it will undertake the actions in purgation directed by this Court. Haven shall maintain such notice and copies of the contempt adjudication in clearly legible condition throughout the posting period, and ensure that they are not altered, defaced, or covered by any other materials;

   iv. Within seven (7) days after posting the Notice to Employees, providing the NLRB's Regional Director for Region 18 with a signed copy of the Notice to Employees and a certification of the dates and locations of the postings and, upon reasonable notice, giving an agent of the Board access to its premises during the entire posting period to check the posted notices;

   v. In addition to the posting of paper notices – the Notice to Employees and the contempt adjudication – distributing such documents

    electronically, such as by email, posting on an intranet or internet site, and/or other electronic means, if Haven customarily communicates with its employees by such means. Haven shall then supply the NLRB's Regional Director for Region 18 with certification of distribution and a copy of any of the electronic distribution of said notice;

vi. Paying to the Board all costs, expenses, and reasonable attorneys' fees, calculated at the prevailing market rate in Washington, D.C., incurred by the Board in the investigation, preparation, presentation, and final disposition of this proceeding. All of said costs, unless agreed to by the parties, will be fixed by further order of the Court upon submission by the NLRB of a certified statement of such costs and expenses. Should any dispute arise respecting the NLRB's submission as to which the Court may determine that a hearing is desirable, the Court, in its discretion, may refer such dispute to a special master, upon such terms as the Court shall determine, for a report and recommendation;

vii.   Within twenty-one (21) days after entry of the contempt adjudication and again upon completion of compliance, filing with the Clerk of this Court a sworn statement showing what steps have been taken to comply with this Court's directives, and filing copies thereof with the Regional Director of the NLRB's Region 18 office at 212 3rd Avenue S, Suite 200, Minneapolis, MN 55401-2221 and the Board's Contempt,

Compliance, and Special Litigation Branch at 1015 Half Street, S.E., Washington, DC, 20003.

D.      That to assure against violations of the contempt adjudication, the Court impose against Haven a prospective fine of up to $5,000 for each and every future violation of the Judgment or the contempt adjudication, and a further fine of up to $100 per day for each day the Court finds the violation(s) have continued. The Court shall also impose a prospective fine against each of Haven's officers, agents, representatives and attorneys, who, in active concert or participation with Haven and with notice and knowledge of the Court's contempt adjudication, violates the Judgment and/or the contempt adjudication, of $1,000 for each and every future violation and a further $100 per day for each day the Court finds the violation(s) to have continued. Fines may only be imposed as a result of the NLRB instituting a new civil contempt proceeding in this Court, in which the NLRB shall be required to establish its allegations by clear and convincing evidence.

E.      That the Court take such other and further actions and grant such other relief, including civil body attachment, as may be just, reasonable, and proper to ensure compliance with the Judgment, and as this proceeding in civil contempt may require.

Respectfully submitted,

**NATIONAL LABOR RELATIONS BOARD**

HELENE D. LERNER
Deputy Assistant General Counsel
Tel: (202) 273-3738
helene.lerner@nlrb.gov

KEVIN FLANAGAN
Supervisory Attorney
Tel: (202) 273-2938
Kevin.Flanagan@nlrb.gov

 /s ARISH S. ALI  
ARISH S. ALI
Trial Attorney
Tel: (202) 701-4804
arish.ali@nlrb.gov

Contempt, Compliance, and Special Litigation Branch 1015 Half Street, SE, 4th Floor
Washington, D.C. 20003
Fax: (202) 273-4244

Dated at Washington, D.C.,
this 14th day of December, 2022

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the Court's CM/ECF system on December 14, 2022. I further certify that a copy of the foregoing was served on the Respondent by USPS overnight mail and email at:

>Haven Salon+Spa, Inc.
>c/o Tim Dillett
>W145S7644 Durham Drive
>Muskego, WI 53150
>tim@myhavensalon.com

<u>/s/ Arish Ali</u>
*Trial Attorney*

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

September 30, 2021

*Before*

MICHAEL Y. SCUDDER, *Circuit Judge*

| | |
|---|---|
| No. 21-2413 | NATIONAL LABOR RELATIONS BOARD, Petitioner  v.  HAVEN SALON + SPA, INC, Respondent |
| **Originating Case Information:** | |
| Agency Case Nos: 18-CA-266091 & 18-CA-267818 National Labor Relations Board | |

    Upon consideration of the **APPLICATION FOR SUMMARY ENTRY OF A JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD**, filed on August 2, 2021, by counsel for the petitioner,

    **IT IS ORDERED** that the application for summary entry of judgment is **GRANTED** and the attached judgment is **ENFORCED**.

form name: **c7_FinalJudgment**    (form ID: **132**)

**EXHIBIT A**

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD | : |
| | : |
| Petitioner | : No. |
| v. | : |
| | : Board Case Nos.: |
| HAVEN SALON + SPA, INC. | : 18-CA-266091 |
| | : 18-CA-267818 |
| Respondent | : |

JUDGMENT ENFORCING AN ORDER OF THE
NATIONAL LABOR RELATIONS BOARD

Before:

This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Haven Salon + Spa, Inc., its officers, agents, successors, and assigns, enforcing its order dated June 17, 2021, in Case Nos. 18-CA-266091 and 18-CA-267818, and the Court having considered the same, it is hereby

ORDERED AND ADJUDGED by the Court that the Respondent, Haven Salon + Spa, Inc., its officers, agents, successors, and assigns, shall abide by said order (See Attached Order and Appendix).

_____
Judge, United States Court of
Appeals for the Seventh Circuit

EXHIBIT A

NATIONAL LABOR RELATIONS BOARD

v.

HAVEN SALON + SPA, INC.

**ORDER**

Haven Salon + Spa, Inc., its officers, agents, successors, and assigns, shall

1. Cease and desist from
    a. Impliedly telling employees that they can only share safety concerns with management.
    b. Threatening employees with unspecified reprisals and other actions against them because they participated in Board activities and protected concerted activities.
    c. Threatening employees with unspecified reprisals against their family members because the employee participated in Board activities and protected concerted activities.
    d. Discharging or otherwise discriminating against employees because of their protected concerted activities.
    e. In any like or related manner interfering with, restraining or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act:
    a. Within 14 days from the date of this Order, offer Katherine Rehm full reinstatement to her former job, or, if that job no longer exists, to a substantially equivalent position, without prejudice to her seniority or any other rights or privileges previously enjoyed.
    b. Make Katherine Rehm whole for any loss of earnings and other benefits suffered as a result of the discrimination against her, in the manner set forth in the remedy section of this decision, plus reasonable search-for-work and interim employment expenses.
    c. Compensate Katherine Rehm for the adverse tax consequences, if any of receiving a lump-sum backpay award, and file with the Regional Director for Region 18, within 21 days of the date the amount the backpay is fixed,

EXHIBIT A

either by agreement or Board order, a report allocating the backpay award to the appropriate calendar year(s).

d. File with the Regional Director for Region 18 a copy of Katherine Rehm's back corresponding W-2 forms reflecting backpay.

e. Within 14 days from the date of this Order, remove from its files any reference to the unlawful suspension and discharge of Katherine Rehm, and within 3 days thereafter, notify Rehm in writing that this has been done and the suspension and discharge will not be used against her in any way.

f. Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of such record if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this Order.

g. Within 14 days after service by the Region, post at its New Berlin and Muskego, Wisconsin facilities copies of the attached notice marked "Appendix."[1] Copies of the notice, on forms provided by the Regional Director for Region 18, after being signed by Respondent's authorized representative, shall be posted by Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site and/or other electronic means, if Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by Respondent to ensure that the notices are not altered, defaced, or covered by any other material. If Respondent has gone out of business or closed any facility involved in these proceedings,

---

[1] If the facilities involved in these proceedings are open and staffed by a substantial complement of employees, the notices must be posted within 14 days after service by the Region. If the facilities involved in these proceedings are closed to due to Coronovirus Disease 2019 (COVID-19) pandemic, the notices must be posted within 14 days after the facility reopens and a substantial complement of employees have returned to work, and the notices may not be posted until a substantial complement of employees have returned to work. Any delay in the physical posting of paper notices also applies to the electronic distribution of the notice if Respondent customarily communicates with its employees by electronic means.

2

EXHIBIT A

Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by Respondent at any time since July 24, 2020.

h. Within 21 days after service by the Region, file with the Regional Director for Region 18 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that Respondent has taken to comply.

EXHIBIT A

# APPENDIX

## NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
COURT OF APPEALS ENFORCING AN ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this Notice.

**FEDERAL LAW GIVES YOU THE RIGHT TO**
Form, join, or assist a union
Choose representatives to bargain with us on your behalf
Act together with other employees for your benefit and protection
Choose not to engage in any of these protected activities.

WE WILL NOT impliedly tell you that you can only discuss safety concerns with management.

WE WILL NOT impliedly threaten you or your family with unspecified reprisals and actions because you participate in activities with the National Labor Relations Board.

WE WILL NOT discharge you because of your protected concerted activities.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights listed above.

WE WILL, within 14 days from the date of this Order, offer Katherine Rehm full reinstatement to her former job, or, if that job no longer exists, to a substantially equivalent position, without prejudice to her seniority or any other rights or privileges previously enjoyed.

WE WILL compensate Katherine Rehm for any loss of earnings and other benefits suffered as a result of her unlawful suspension and discharge, less any interim earnings, plus interest, and WE WILL also make Rehm whole for reasonable search-for-work and interim employment expenses, plus interest.

WE WILL compensate Katherine Rehm for the adverse tax consequences, if any, of receiving a lump-sum backpay award, and WE WILL file with the Regional Director for Region 18, within 21 days of the date the amount of backpay is fixed,

EXHIBIT A

either by agreement or Board order, a report allocating the backpay award to the appropriate calendar year(s).

WE WILL file with the Regional Director for Region 18 a copy of Katherine Rehn's corresponding W-2 form(s) reflecting the backpay award.

WE WILL, within 14 days from the date of this Order, remove from our files any reference to Katherine Rehm's unlawful suspension and discharge, and WE WILL, within 3 days thereafter, notify her in writing that this has been done and that the loss of employment will not be used against her in any way.

Haven Salon + Spa, Inc.<br>
(Employer)

Dated _____ By _____
(Representative)   (Title)

The National Labor Relations Board is an independent Federal agency created in 1935 to enforce the National Labor Relations Act. It conducts secret-ballot elections to determine whether employees want union representation and it investigates and remedies unfair labor practices by employers and unions. To find out more about your rights under the Act and how to file a charge or election petition, you may speak confidentially to any agent with the Board's Regional Office set forth below. You may also obtain information from the Board's website: www.nlrb.gov

Federal Office Building, 212 3rd Avenue, S. Suite 200, Minneapolis, MN 55401-2221
(612) 348-1797, Hours: 8:00 a.m. to 4:30 p.m.

The Board's decision can be found at https://www.nlrb.gov/case/18-CA-266091 or by using the QR code below. Alternatively, you can obtain a copy of the decision from the Executive Secretary, National Labor Relations Board, 1015 Half Street, S.E., Washington, D.C. 20570, or by calling (202) 273-1940.



**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

THIS NOTICE MUST REMAIN POSTED FOR 60 CONSECUTIVE DAYS FROM THE DATE OF POSTING AND MUST NOT BE ALTERED, DEFACED, OR COVERED BY ANY OTHER MATERIAL. ANY QUESTIONS CONCERNING THIS NOTICE OR COMPLIANCE WITH ITS PROVISIONS MAY BE DIRECTED TO THE ABOVE REGIONAL OFFICE'S COMPLIANCE OFFICER (414) 930-7203.

**EXHIBIT A**

Muskego, WI

**UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD**

| | |
|---|---|
| HAVEN SALON + SPA, INC. | Cases 18-CA-266091 |
| and | 18-CA-267818 |
| KATHERINE REHM | |

**ORDER**

On April 30, 2021, Administrative Law Judge Sharon Levinson Steckler of the National Labor Relations Board issued her Decision in the above-entitled proceeding and, on the same date, the proceeding was transferred to and continued before the Board in Washington, D.C. The Administrative Law Judge found that the Respondent has engaged in certain unfair labor practices and recommended that it take specific action to remedy such unfair labor practices.

No statement of exceptions having been filed with the Board, and the time allowed for such filing having expired,

Pursuant to Section 10(c) of the National Labor Relations Act, as amended, and Section 102.48 of the National Labor Relations Board Rules and Regulations, the Board adopts the findings and conclusions of the Administrative Law Judge as contained in her Decision, and orders that the Respondent, Haven Salon + Spa, Inc. its officers, agents, successors, and assigns, shall take the action set forth in the recommended Order of the Administrative Law Judge.

Dated, Washington, D.C., June 17, 2021.

By direction of the Board:

/s/Farah Qureshi
_____
Deputy Executive Secretary

**EXHIBIT B**