**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | |
|---|---|
| _____ ) <br> ) <br> **NATIONAL LABOR RELATIONS BOARD,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **HAVEN SALON+SPA, INC.** ) <br> ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | Case No. 21-2413 |

**SUPPLEMENT TO PETITION OF THE NATIONAL LABOR RELATIONS BOARD FOR ADJUDICATION IN CIVIL CONTEMPT AND FOR OTHER CIVIL RELIEF**

To the Honorable, the Judges of the United States
  Court of Appeals for the Seventh Circuit:

In accordance with this Court's February 21, 2023 Order, the National Labor Relations Board ("Board" or "NLRB") hereby supplements its petition for adjudication in civil contempt to explain "whether Timothy Dillett or another lawful representative of Haven Salon+Spa[, Inc.] received copies" of certain documents specified by the Court. (Feb. 21, 2023 Order, ECF No. 9 at 1). In short, the Board sent each of the specified documents to Haven.[1] It appears to the Board that Mr. Dillett or another representative

---

[1] The Board has mailed the relevant documents to W145S7644 Durham Drive, Muskego, WI 53150-3804. According to the Board's records, Mr. Dillett telephonically

of Haven has intentionally caused some of the documents to be returned to sender. These actions are consistent with Mr. Dillett's written statement to the Board on January 28, 2021 that Haven would not respond to or participate in the Board's proceedings. (Ali Decl. Ex. 1). In fact, as demonstrated herein, one of the returned envelopes bears explicit evidence that Mr. Dillett refused to accept delivery.

The Court's February 21, 2023 Order asks whether Mr. Dillett or another representative of Haven has received five specific sets of documents. The Board addresses each item in turn:

1. **The Board's notification in May 2021 that Haven could file an exception challenging the ALJ's proposed order:** The Board's April 30, 2021 "Order Transferring Proceeding to the National Labor Relations Board" notified Haven that it had 28 days to file exceptions to the ALJ's decision. (Ali Decl. Ex. 2A). The Board sent this document, along with the ALJ's decision, to Haven via certified and regular mail on April 30, 2021. (Ali Decl. Ex. 2B).[2]

2. **The Board's order dated June 17, 2021**: The Board sent its order adopting the ALJ's decision and order in the absence of exceptions—known as an "Auto

---

requested on November 18, 2020 that the Board use this mailing address. (Declaration of Arish S. Ali ¶ 2). If the Court so directs, the Board will attempt to procure a declaration attesting to this conversation from the NLRB field examiner to whom Mr. Dillett relayed his request.

[2] The Order Transferring Proceeding appears to be misdated "May 28, 2021." The Board's case-management system indicates that, consistent with the April 30, 2021 affidavit of service (Ali Decl. Ex. 2B), the Order Transferring Proceeding actually issued on April 30, 2021.

Adopt" order—to Haven via certified and regular mail on June 17, 2021. (Ali Decl. Ex. 3A). The Board further sent the order to Haven via e-mail on June 21, 2021 (Ali Decl. Ex. 3B) and July 19, 2021 (Ali Decl. Ex. 3C).[3]

3. **This Court's entry of judgment enforcing the Board's order, dated September 30, 2021**: The Board sent the Court's Judgment to Haven via email on October 4, 2021 (Ali Decl. Ex. 4A); October 26, 2021 (Ali Decl. Ex. 4B); November 18, 2021 (Ali Decl. ¶ 11 & Ex. 4C); March 29, 2022 (Ali Decl. Ex. 4D); June 3, 2022 (Ali Decl. Ex. 4E); and June 13, 2022 (Ali Decl. Ex. 4F). The Board further sent the judgment to Haven via physical mail on November 18, 2021 (Ali Decl. ¶ 11 & Ex. 4G); June 3, 2022 (Ali Decl. Ex. 4H); and June 13, 2022 (Ali Decl. Ex. 4I).

4. **The Board's petition for contempt, filed on December 14, 2022:** The Board sent this document to Haven via mail and email on December 14, 2022. (Ali Decl. ¶ 17 & Ex. 5). The Board's mailing was returned to it with "Return" handwritten on the envelope. (Ali Decl. ¶ 19).

5. **This Court's orders to respond to the petition and to show cause, dated December 20, 2022, and January 17, 2023:** The Board sent the December 20, 2022 Order to Haven via mail (Ali Decl. Ex. 6A) and email (Ali Decl. Ex. 6B)

---

[3] In electronically transmitting documents to Haven, the Board has sent them to the email address that Mr. Dillett has used to communicate with the Board. (Ali Decl. Ex. 1).

on the date of the order. (Ali Decl. ¶ 18). The Board sent the January 17, 2023 order to Haven via mail (Ali Decl. Ex. 6C) and email (Ali Decl. Ex. 6D) on January 18, 2023. (Ali Decl. ¶ 20). The Board's January 18, 2023 mailing was returned to it with "RTS" handwritten on the envelope. (Ali Decl. ¶ 20 & Ex. 7E). The envelope also bore a return label (presumably by UPS, the delivery service) stating: "REASON FOR RETURN: RECEIVER DID NOT WANT, REFUSED DELIVERY." The label further stated: "ORIGINAL RECEIVER: DILLET, T."

As demonstrated above, the Board has sent all the documents specified by the Court to Haven via mail at the address specified by Mr. Dillett. The Board further emailed all the documents except item No. 1 to the email address through which Mr. Dillett communicated with the Board in the past. The Board is unable to fully confirm whether Mr. Dillett or another lawful representative of Haven received each of these various communications. However, in light of Mr. Dillett's stated refusal to respond to or participate in the Board's proceedings after January 28, 2021, the fact that some of the Board's mailings to Haven have not been returned, and the return label on the Board's January 18, 2023 mailing (explicitly attributing the non-delivery to Mr. Dillett's refusal to accept delivery), it is reasonable to draw the inference that Haven has received the relevant documents and has intentionally caused some of them to be returned to sender in an attempt to evade this Court's Judgment.

Respectfully submitted,

**NATIONAL LABOR RELATIONS BOARD**

HELENE D. LERNER
Deputy Assistant General
Counsel
Tel: (202) 273-3738
helene.lerner@nlrb.gov

KEVIN FLANAGAN
Supervisory Attorney
Tel: (202) 273-2938
Kevin.Flanagan@nlrb.gov

  /s ARISH S. ALI__
ARISH S. ALI
Trial Attorney
Tel: (202) 701-4804
arish.ali@nlrb.gov

Contempt, Compliance, and Special Litigation
Branch 1015 Half Street, SE, 4th Floor
Washington, D.C.  20003
Fax: (202) 273-4244

Dated at Washington, D.C.,
this 22nd day of February,
2023

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and the Declaration of Arish S. Ali with attached exhibits were filed electronically with the Court's CM/ECF system on February 22, 2023. I further certify that copies of same were sent to the Respondent by email at tim@myhavensalon.com. The Board will file a supplemental certificate of service to certify that Respondent has been served with paper copies.

/s/ Arish Ali
*Trial Attorney*