# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

|  |  |
|---|---|
| **NATIONAL LABOR RELATIONS BOARD,**      **Petitioner,**      v.      **HAVEN SALON+SPA, INC.**      **Respondent.** | Case No. 21-2413 |

## NATIONAL LABOR RELATION BOARD'S STATEMENT OF ATTORNEYS' FEES AND MEMORANDUM IN SUPPORT

Pursuant to the Court's February 27, 2023 Order (Doc. 12), the National Labor Relations Board ("Board") hereby submits its statement of attorneys' fees incurred in the investigation, preparation, presentation, and disposition of this contempt proceeding.

A Summary Statement of Board's Attorneys' Fees setting forth the hours invested by Board attorneys in bringing forth this contempt proceeding is attached. *See* Exhibit 1. The Summary Statement of Attorneys' Fees is verified and supported by detailed declarations from the Board's attorneys attesting to their total work time. *See* Exhibit 2 (Declaration of Arish S. Ali); and Exhibit 3

(Declaration of Helene D. Lerner).[1] Based on the methodology explained below, the Board attorneys' fees are calculated to be $9,453.10.

It is customary to calculate an attorney's fee by arriving at the lodestar figure, which is determined by multiplying the number of hours the attorney expended on the litigation by the attorney's hourly rate.[2] When it is the Government to whom the fees are awarded, federal courts have relied on prevailing market rates.[3] For courts in this circuit, in the absence of actual billing rates, "[t]he next best evidence of an attorney's market rate includes evidence of rates similarly experienced attorneys in the community charge paying clients for similar work."[4] It is entirely appropriate for a court to base an attorney's market rate on the rates of

---

[1] The Board has elected to forego seeking compensation for the limited additional work time expended by Supervisory Attorney Kevin P. Flanagan on this matter.

[2] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Harman v. Lyohomed, Inc.*, 945 F.2d 969, 974 (7th Cir. 1991); *Jeffboat, LLC v. Dir., Office of Workers' Comp. Programs*, 553 F.3d 487, 489 (7th Cir. 2009).

[3] *See, e.g.*, *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 366 (7th Cir. 2000) (and cases cited); *NLRB v. A.G.F. Sports Ltd.*, No. 93-049, 1994 U.S. Dist. LEXIS 22101, at *1 (E.D.N.Y. June 22, 1994) ("[I]t is established law in [the Second] Circuit that government attorneys may be reimbursed at the prevailing market rate."); *Woods v. Adams Run Assocs.*, No. 96-6111, 1997 U.S. Dist. LEXIS 6865, at *20 (E.D. Pa. May 12, 1997) ("[T]he Third Circuit has held that a government attorney is entitled to the same market rate fee as any other attorney with the same experience and expertise."); *see also Blum v. Stenson*, 465 U.S. 886, 895 (1984) (for attorneys working in public interest firms, the attorneys' fees should be calculated according to the "prevailing market rates in the relevant community.").

[4] *Spegon v. Catholic Bishop*, 175 F.3d 544, 555 (7th Cir. 1999).

similarly experienced practitioners in the community where the attorney maintains his or her principal practice.[5]

Here, the Board seeks its attorneys' fees at the rates set forth in the Fitzpatrick Matrix.[6] *See* Exhibit 4. The Fitzpatrick Matrix is developed and maintained by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO) and shows the hourly rates of attorneys litigating in the District of Columbia, where counsel for the Board is based. The Matrix operates on two axes—one shows the year in which the work was performed; the other shows the years of experience of the attorney performing the work. The "Explanatory Notes" that accompany the Matrix explain how the data on the grid was ascertained; in particular, it is based on attorneys' fees data from dockets in the U.S. District Court for the District of Columbia for cases encompassing a broad range of litigation areas tried in federal court.

---

[5] *See Jeffboat*, 553 F.3d at 489-91 (affirming the decision of a Department of Labor administrative law judge to set an attorney's market rate to be consistent with the prevailing market rate in Connecticut, where the attorney was based, and not with the prevailing market rate in Indiana, where the administrative case was litigated); *Sierra Club v. Jackson*, No. 11-cv-315-wmc, 2013 U.S. Dist. LEXIS 137217, at *1, *10 (W.D. Wis. Sept. 25, 2013) (where the attorneys were based in Wisconsin, the court deemed the community of attorneys in that state to be the relevant community for the purpose of setting a market rate).

[6] Available at USAO Attorney's Fees Matrix https://www.justice.gov/usao-dc/page/file/1504361/download (last accessed Mar. 3, 2023).

In bringing forth the contempt proceeding, all the attorneys' fees incurred by the Board stem from the work of its D.C.-based counsel. The Board submits that pursuant to the Court's February 27, 2023 Order, the Board is entitled to its attorneys' fees based on the lodestar method using rates in the market where the work was performed. The current USAO matrix provides a reasonable means for determining the prevailing market rate,[7] and the fee amounts sought are just based on the documentation provided in the declarations of the Board's attorneys and the attorneys' attestations that they are claiming a conservative number of their hours, excluding time that would reasonably be considered excessive, redundant, or otherwise unnecessary. *See* Exhibits 2 and 3. Additionally, the Board has incurred approximately $157.90 in shipping costs in carrying out this contempt proceeding. *See* Declaration of Arish S. Ali ¶¶ 4-5; Exhibit 5; Exhibit 6.

Accordingly, the Board requests to be awarded attorneys' fees and costs in the amount of $9,453.10.

---

[7] *See Ohr v. Latino Express, Inc.*, No. 11-CV-2383, 2015 WL 13000252, at *4 (N.D. Ill. May 28, 2015) (order granting NLRB's statement of costs and expenses in contempt case in which USAO's then-prevailing "Laffey" matrix was used to determine hourly rate for attorney based in Washington, D.C.); *NLRB v. Loc. 3, Int'l Bhd. of Elec. Workers*, 471 F.3d 399, 407 (2d Cir. 2006) (granting NLRB's request for fees calculated at the prevailing private practice market rate and noting that "pursuing a contempt action imposes additional costs on the government in the form of foregone opportunities to pursue other cases according to its statutory duty").

Respectfully submitted,

/s/ Arish S. Ali
ARISH S. ALI
Trial Attorney
Tel: (202) 273-2932
arish.ali@nlrb.gov

National Labor Relations Board
Contempt, Compliance, and Special Lit. Branch
1015 Half St SE
Washington, DC 20003
Fax: (202) 273-4244

DATED at Washington, DC
on March 6, 2023

## CERTIFICATE OF SERVICE

I certify that on March 6, 2023, I electronically filed the foregoing Statement of Attorneys' Fees, with Exhibits 1 through 6 attached, using the Court's CM/ECF filing system. I further certify that a copy of the foregoing was served on the Respondent by UPS overnight delivery and email at:

>Haven Salon+Spa, Inc.
>c/o Tim Dillett
>W145S7644 Durham Drive
>Muskego, WI 53150
>tim@myhavensalon.com

>/s/ Arish S. Ali
>ARISH S. ALI
>Trial Attorney
>Tel: (202) 273-2932
>arish.ali@nlrb.gov

EXHIBIT 1

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

_____
                                   )
                                   )
**NATIONAL LABOR RELATIONS BOARD,** )
                                   )
      Petitioner,          )
                                   )
      v.                   )     Case No. 21-2413
                                   )
**HAVEN SALON+SPA, INC.**           )
                                   )
                                   )
      Respondent.          )
                                   )
_____)

## SUMMARY STATEMENT OF BOARD ATTORNEYS' FEES AND COSTS

| ITEM | DESCRIPTION | AMOUNT |
|---|---|---|
| ATTORNEY'S FEES for Arish Ali | 2.5 hours at $458/hour (2 years of experience in 2021); 7.5 hours at $473/hour (2 years of experience in 2022); 4.5 hours at $490/hour (3 years of experience in 2022); 0.9 hours at $490/hour (3 years of experience in 2023)[1] | $7,338.50 |
| ATTORNEY'S FEES for Helene D. Lerner | 0.2 hours at $728/hour (31 years of experience in 2021); 1.9 hours at $754 (32 years of experience in 2022); 0.5 hours of experience at $757/hour (33 years of experience in 2023) | $1,956.70 |

---

[1] The most recent version of the Fitzpatrick Matrix (Exhibit 4) does not list rates for 2023. As such, and in the Board's efforts to present conservative figures, the Board has applied the 2022 rates to the work performed in 2023.

| Bill of Costs | | $157.90 |
|---|---|---|
| | TOTAL AMOUNT | $9,453.10 |

EXHIBIT 2

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

**NATIONAL LABOR RELATIONS BOARD,**

  Petitioner,

  v.     No. 21-2413

**HAVEN SALON+SPA, INC.,**

  Respondent.

## DECLARATION OF ARISH S. ALI

I, Arish S. Ali, do hereby state and declare as follows:

1. I have been a practicing attorney since November 2019. Accordingly, between November 2021 and October 2022 I had between two and three years of relevant work experience; and since November 2022 I have had between three and four years of relevant work experience.

2. The following is a log of work hours I expended as a direct result of my participation in the instant case. I have used conservative figures, and I have eliminated any excess or redundant time spent working on this case.

| Date | Time Spent | Purpose |
|---|---|---|
| 11/12/21 | 0.5 | Discuss case with Board's compliance officer |
| 11/16/21 | 0.7 | Call Respondents' employees to determine whether Respondent has complied with Board and Court orders |
| 11/17/21 | 0.5 | Continue calling Respondent's employees to determine whether Respondent has complied with Board and Court orders |
| 11/18/21 | 0.5 | Draft letter requesting Respondent's compliance |
| 12/17/21 | 0.3 | Draft last chance letter requesting Respondent's compliance |
| 1/13/22 | 0.5 | Arrange service on Respondent by process |
| 1/14/22 | 0.5 | Continue directing process server |

| 4/8/22 | 2.0 | Prepare memo demonstrating that Respondent's failure to open mail does not invalidate service |
| --- | --- | --- |
| 5/6/22 | 3.5 | Draft memo to the Board seeking authorization to pursue contempt |
| 7/20/22 | 1 | Edit draft of Board memo seeking contempt authorization |
| 12/5/22 | 1.5 | Draft petition for contempt |
| 12/14/22 | 0.5 | Edit draft of petition for contempt |
| 2/21/22 | 1.5 | Draft supplement to petition for contempt |
| 2/22/22 | 1 | Continue drafting petition for contempt |
| 3/1/23 | 0.3 | Prepare statement of fees |
| 3/2/23 | 0.6 | Create fee statement table; draft declaration in support |

    3. As detailed above, time spent amounts to a total of 15.4 hours, of which 10 hours were spent prior to November 2022, and 5.4 hours were spent since November 2022.

    4. Exhibit 5 of this filing is a true and correct copy of an affidavit of service and invoice demonstrating a cost to the Board in this case of $130.

    5. Exhibit 6 of this filing is a true and correct copy of a December 14, 2022 United States Postal Service receipt demonstrating a shipping cost to the Board in this case of $27.90.

    I hereby declare under penalty of perjury that the statements set forth above are true and correct to the best of my knowledge, information and belief.

                                      <u>/s/ Arish S. Ali</u>
                                        ARISH S. ALI
                                        *Trial Attorney*
                                        National Labor Relations Board
                                        1015 Half Street SE, 4th Floor
                                        Washington, DC 20003

Executed in Washington, District of Columbia, this 6th day of February 2023.

**EXHIBIT 3**

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

**NATIONAL LABOR RELATIONS BOARD,**

    Petitioner,

        v.                                    No. 21-2413

**HAVEN SALON+SPA, INC.,**

    Respondent.

## DECLARATION OF HELENE D. LERNER

I, Helene D. Lerner, do hereby state and declare as follows:

1. I have been a practicing attorney since January 1990. Accordingly, between January 2021 and December 2021 I had approximately 31 years of relevant work experience; between January 2022 and December 2022 I had approximately 32 years of relevant work experience; and since January 2023 I have had approximately 33 years of relevant work experience.

2. The following is a log of work hours I expended as a direct result of my participation in the instant case, in a supervisory capacity. I have used conservative figures, and I have eliminated any excess or redundant time spent supervising and otherwise working on this case.

| Date | Time Spent | Purpose |
| --- | --- | --- |
| 11/18/21 | .1 | Review draft demand letter |
| 12/17/21 | .1 | Review last chance letter |
| 1/19/22 | .1 | Review affidavit of service and invoice |
| 4/8/22 | .2 | Review memo re: service laws in Wisconsin/7th circuit |
| 9/20/22 | .6 | Review/revise draft contempt memo to Board |
| 10/15/22 | .3 | Review/revise draft contempt memo to Board |
| 11/7/22 | .1 | Review Solicitor's email and Board authorization |

| 12/5/22 | .4 | Review/revise draft contempt petition |
| --- | --- | --- |
| 12/12/22 | .1 | Review/revise draft contempt petition |
| 12/20/22 | .1 | Review Court's order directing Haven to respond to contempt petition |
| 2/22/23 | .4 | Review drafts of supplemental submissions to court re: service of papers to respondent, and exhibits |
| 2/27/23 | .1 | Review 7th Circuit Order holding Haven in contempt |

3. As detailed above, time spent amounts to a total of 2.6 hours, of which .2 hours were spent during the year 2021, 1.9 hours were spent during the year 2022, and 0.5 hours were spent from January 2023 through the present.

I hereby declare under penalty of perjury that the statements set forth above are true and correct to the best of my knowledge, information and belief.

*Helene D. Lerner*

HELENE D. LERNER
*Deputy Assistant General Counsel*
National Labor Relations Board
1015 Half Street SE, 4th Floor
Washington, DC 20003

Executed in Washington, District of Columbia, this 3rd day of March 2023.

EXHIBIT 4

## THE FITZPATRICK MATRIX
Hourly Rates ($) for Legal Fees for Complex Federal Litigation in the District of Columbia

| Years Exp. / Billing Yr. | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|---|---|---|---|
| 35+ | 535 | 563 | 591 | 619 | 647 | 675 | 703 | 731 | 736 | 760 |
| 34 | 534 | 562 | 590 | 618 | 646 | 674 | 702 | 729 | 734 | 758 |
| 33 | 532 | 560 | 588 | 616 | 644 | 672 | 700 | 728 | 733 | 757 |
| 32 | 530 | 558 | 586 | 614 | 642 | 670 | 698 | 726 | 730 | 754 |
| 31 | 527 | 555 | 583 | 611 | 639 | 667 | 695 | 723 | 728 | 752 |
| 30 | 524 | 552 | 580 | 608 | 636 | 664 | 692 | 720 | 725 | 749 |
| 29 | 521 | 549 | 577 | 605 | 633 | 661 | 689 | 717 | 721 | 745 |
| 28 | 517 | 545 | 573 | 601 | 629 | 657 | 685 | 713 | 717 | 741 |
| 27 | 512 | 540 | 568 | 596 | 624 | 652 | 680 | 708 | 713 | 736 |
| 26 | 508 | 536 | 564 | 592 | 620 | 648 | 676 | 704 | 708 | 731 |
| 25 | 502 | 530 | 558 | 586 | 614 | 642 | 670 | 698 | 703 | 726 |
| 24 | 497 | 525 | 553 | 581 | 609 | 637 | 665 | 693 | 697 | 720 |
| 23 | 491 | 519 | 547 | 575 | 603 | 630 | 658 | 686 | 691 | 714 |
| 22 | 484 | 512 | 540 | 568 | 596 | 624 | 652 | 680 | 684 | 707 |
| 21 | 477 | 505 | 533 | 561 | 589 | 617 | 645 | 673 | 677 | 699 |
| 20 | 470 | 498 | 526 | 553 | 581 | 609 | 637 | 665 | 670 | 692 |
| 19 | 462 | 490 | 518 | 546 | 574 | 602 | 630 | 658 | 662 | 684 |
| 18 | 453 | 481 | 509 | 537 | 565 | 593 | 621 | 649 | 653 | 675 |
| 17 | 445 | 473 | 500 | 528 | 556 | 584 | 612 | 640 | 645 | 666 |
| 16 | 435 | 463 | 491 | 519 | 547 | 575 | 603 | 631 | 635 | 656 |
| 15 | 426 | 454 | 482 | 510 | 538 | 566 | 593 | 621 | 626 | 647 |
| 14 | 416 | 443 | 471 | 499 | 527 | 555 | 583 | 611 | 615 | 635 |
| 13 | 405 | 433 | 461 | 489 | 517 | 545 | 573 | 601 | 605 | 625 |
| 12 | 394 | 422 | 450 | 478 | 506 | 534 | 562 | 590 | 594 | 614 |
| 11 | 382 | 410 | 438 | 466 | 494 | 522 | 550 | 578 | 582 | 601 |
| 10 | 371 | 399 | 427 | 455 | 483 | 510 | 538 | 566 | 570 | 589 |
| 9 | 358 | 386 | 414 | 442 | 470 | 498 | 526 | 554 | 558 | 576 |
| 8 | 345 | 373 | 401 | 429 | 457 | 485 | 513 | 541 | 545 | 563 |
| 7 | 332 | 360 | 388 | 416 | 444 | 472 | 500 | 528 | 532 | 550 |
| 6 | 319 | 347 | 375 | 403 | 431 | 458 | 486 | 514 | 518 | 535 |
| 5 | 305 | 332 | 360 | 388 | 416 | 444 | 472 | 500 | 504 | 521 |
| 4 | 290 | 318 | 346 | 374 | 402 | 430 | 458 | 486 | 489 | 505 |
| 3 | 275 | 303 | 331 | 359 | 387 | 415 | 443 | 471 | 474 | 490 |
| 2 | 260 | 287 | 315 | 343 | 371 | 399 | 427 | 455 | 458 | 473 |
| 1 | 244 | 272 | 300 | 328 | 356 | 384 | 412 | 439 | 442 | 457 |
| 0 | 227 | 255 | 283 | 311 | 339 | 367 | 395 | 423 | 426 | 440 |
| P* | 130 | 140 | 150 | 160 | 169 | 179 | 189 | 199 | 200 | 207 |

\* = Paralegals/Law Clerks

*Published by the U.S. Attorney's Office for the District of Columbia, Civil Division*

Explanatory Notes

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared to assist with resolving requests for attorney's fees in complex civil cases in District of Columbia federal courts handled by the Civil Division of the United States Attorney's Office for the District of Columbia.  It has been developed to provide "a reliable assessment of fees charged for complex federal litigation in the District [of Columbia]," as the United States Court of Appeals for the District of Columbia Circuit urged.  *DL v. District of Columbia*, 924 F.3d 585, 595 (D.C. Cir. 2019).  The matrix has not been adopted by the Department of Justice generally for use outside the District of Columbia, nor has it been adopted by other Department of Justice components.

2. The matrix is intended for use in cases in which a fee-shifting statute permits the prevailing party to recover "reasonable" attorney's fees.  *E.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412(b).  A "reasonable fee" is a fee that is sufficient to attract an adequate supply of capable counsel for meritorious cases.  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).  The matrix is not intended for use in cases in which the hourly rate is limited by statute.  *E.g.*, 28 U.S.C. § 2412(d).

3. For matters in which a prevailing party agrees to payment pursuant to this fee matrix, the United States Attorney's Office will not request that a prevailing party offer the additional evidence that the law otherwise requires.  *See, e.g., Eley v. District of Columbia*, 793 F.3d 97, 104 (D.C. Cir. 2015) (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995) (requiring "evidence that [the] 'requested rates are in line with those prevailing in the community for similar services'")).

4. The years in the column on the left refer to an attorney's years of experience practicing law.  Normally, an attorney's experience will be calculated based on the number of years since an attorney graduated from law school.  If the year of law school graduation is unavailable, the year of bar passage should be used instead.  Thus, an attorney who graduated from law school in the same year as the work for which compensation is sought has 0 years of experience.  For all work beginning on January 1 of the calendar year following graduation (or bar admission), the attorney will have 1 year of experience.  (For example, an attorney who graduated from law school on May 30 will have 0 years of experience until December 31 of that same calendar year.  As of January 1, all work charged will be computed as performed by an attorney with 1 year of experience.)  Adjustments may be necessary if an attorney did not follow a typical career progression or was effectively performing law clerk work.  *See, e.g., EPIC v. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 70-71 (D.D.C. 2013) (attorney not admitted to bar compensated at "Paralegals & Law Clerks" rate).

5. The data for this matrix was gathered from the dockets of cases litigated in the U.S. District Court for the District of Columbia using the following search in July 2020 in Bloomberg Law: keywords ("motion n/5 fees AND attorney!") + filing type ("brief," "motion," or "order") + date ("May 31, 2013 – May 31, 2020" under "Entries (Docket and Documents)").  This returned a list of 781 cases.  Of those, cases were excluded if there was no motion for fees filed, the motions for fees lacked necessary information, or the motions involved fees not based on hourly rates, involved rates explicitly or implicitly based on an existing fee matrix, involved rates explicitly or implicitly subject to statutory fee caps (e.g., cases subject to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)), or used lower rates prescribed by case law (*e.g.*, *Eley*, 793 F.3d at 105 (Individuals with Disabilities in Education Act

cases)). After these excisions, 86 cases, many of which included data for multiple billers (and 2 of which only provided hourly rate data for paralegals), remained.

6. The cases used to generate this matrix constitute complex federal litigation—which caselaw establishes as encompassing a broad range of matters tried in federal court. *E.g.*, *Reed v. District of Columbia*, 843 F.3d 517, 527-29 (D.C. Cir. 2016) (Tatel, J., concurring) (noting that cases arising under the Freedom of Information Act, Title VII, the Americans with Disabilities Act, Constitutional Amendments, antitrust statutes, and others have been deemed complex, and even "relatively small" cases can constitute complex federal litigation, as they too require "specialized legal skills" and can involve "complex organizations," such as "large companies"); *Miller v. Holzmann*, 575 F. Supp. 2d 2, 14-16, 17 (D.D.C. 2008) (prevailing market rates for complex federal litigation should be determined by looking to "a diverse range of cases"). That the attorneys handling these cases asked the court to award the specified rates itself demonstrates that the rates were "'adequate to attract competent counsel, [while] not produc[ing] windfalls to attorneys.'" *West v. Potter*, 717 F.3d 1030, 1033 (D.C. Cir. 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). As a consequence, the resulting analysis yields the "prevailing market rate[] in the relevant community" for complex litigation undertaken in federal courts in the District of Columbia. *See Blum*, 465 U.S. at 895.

7. From these 86 complex federal cases, the following information was recorded for 2013 and beyond: hourly rate, the calendar year the rate was charged, and the number of years the lawyer was out of law school when the rate was charged (or, if law school graduation year was unavailable, years since bar passage), as defined above. If the graduation or bar passage year was not stated in a motion or its exhibits, then the lawyer's biography was researched on the internet. Although preexisting fee matrices for the District of Columbia provide for mid-year rate changes, very few lawyers in the data submitted rates that changed within a calendar year. For this reason, the matrix was modeled using one rate for each calendar year. On the occasions when a lawyer expressed an hourly rate as a range or indicated the rate had increased during the year, the midpoint of the two rates was recorded for that lawyer-year.

8. The matrix of attorney rates is based on 675 lawyer-year data points (one data point for each year in which a lawyer charged an hourly rate) from 419 unique lawyers from 84 unique cases. The lawyer-year data points spanned from years 2013 to 2020, from $100 to $1250, and from less than one year of experience to 58 years.

9. Paralegal/law clerk rates were also recorded. The following titles in the fee motions were included in the paralegal/law clerk data: law clerk, legal assistant, paralegal, senior legal assistant, senior paralegal, and student clerk. The paralegal/law clerk row is based on 108 paralegal-year data points from 42 unique cases. They spanned from 2013 to 2019 and from $60 to $290. (It is unclear how many unique persons are in the 108 data points because paralegals were not always identified by name.)

10. The matrix was created with separate regressions for the lawyer data and the paralegal data. For the paralegal data, simple linear least-squares regression was used with the dependent variable hourly rate and the independent variable the year the rate was charged subtracted from 2013; years were

combined into one variable and subtracted from 2013 rather than modeled as separate indicator variables to constrain annual inflation to a constant, positive number. The resulting regression formula was rate = 129.8789 + 9.902107 * (year-2013). For the lawyer data, least-squares regression was used with the dependent variable hourly rate and independent variables the year the rate was charged and the number of years of experience of the lawyer when the rate was charged. The year the rate was charged was subtracted from 2013 and modeled linearly as with the paralegal data. The number of years out of law school (or since year of bar passage) was modeled with both linear and squared terms, as is common in labor economics to account for non-linear wage growth (e.g., faster growth earlier in one's career than at the end of one's career). *See, e.g.*, Jacob Mincer, *Schooling, Experience, and Earnings* (1974). The resulting regression formula was rate = 227.319 + 16.54492 * experience - 0.2216217 * experience ^ 2 + 27.97634 * (year-2013). Regressions were also run with log transformed rates and with a random-effect model (to account for several lawyers appearing more than once in the data), but both alternatives resulted in mostly lower rates than those reflected here; in order to minimize fee disputes, these models were therefore rejected in favor of the more generous untransformed, fixed-effect model. Rates from one case comprised 20% of the data; the regression was also run without that case, but the resulting rates were mostly lower and therefore rejected, again to minimize fee disputes.

11. The data collected for this matrix runs through 2020. To generate rates in 2021, an inflation adjustment (rounded to the nearest whole dollar) was added. The United States Attorney's Office determined that, because courts and many parties have employed the legal services index of the Consumer Price Index to adjust attorney hourly rates for inflation, this matrix will do likewise. *E.g.*, *Salazar v. District of Columbia*, 809 F.3d 58, 64-65 (D.C. Cir. 2015); *Eley*, 793 F.3d at 101-02; *DL*, 924 F.3d at 589-90.

12. This matrix was researched and prepared by Brian Fitzpatrick, the Milton R. Underwood Chair in Free Enterprise and Professor of Law at Vanderbilt Law School, with the help of his students.

EXHIBIT 5

| | |
|---|---|
| WI Process<br>P.O. Box 270032<br>Milwaukee, WI 53227 | **INVOICE:** 6560739<br>Issued: Jan 19, 2022<br>Sent to: Cassandra Coleman and Gino Hoffmann |

United States Government - National Labor Relations Board
Arish Ali
1015 Half Street 4th Floor
Washington, D.C. 20003

**PAY TO:**
WI Process
P.O. Box 270032
Milwaukee, WI 53227

| | | | |
|---|---|---|---|
| **Case:** | No. 21-2413, NLRB v. Haven Salon + Spa, Inc. (7th Cir.); NLRB Case Nos. 18-CA-266091 and 18-CA-267818 | **Plaintiff / Petitioner:** | United States Labor Relations Board |
| | | **Defendant / Respondent:** | Timothy Dillett, Haven Salon + Spa, Inc. |
| **Job:** | 6560739 | | |

| Item | Description | Cost | Quantity | Total |
|---|---|---|---|---|
| Service of Process | Muskego, Waukesha County, Wisconsin | $65.00 | 1 | $65.00 |
| Service of Process (Additional Attempts) | Muskego, Waukesha County, Wisconsin | $65.00 | 1 | $65.00 |

| Payment | Description | Amount Paid |
|---|---|---|
| Jan 20, 2022 | cassandra.coleman@nlrb.gov Paid Online<br>Payment ID: ch_3KK0BqAo4dkNeKYS0Zqr6uQe | ($130.00) |

Please make checks (preferred) payable and mail to:

WI Process
Attn: Gino Hoffmann
P.O. Box 270032
Milwaukee, WI 53227

Total: $130.00
Amount Paid: ($130.00)
**Balance Due:** **$0.00**



WI Process • P.O. Box 270032, Milwaukee, WI 53227

Case: 21-2413     Document: 13     Filed: 03/06/2023     Pages: 19

Call: (414) 207-9094  •  Email: inbox@serveprocesswi.com  •  Visit: www.serveprocesswi.com

Case: 21-2413     Document: 13     Filed: 03/06/2023     Pages: 19

Call: (414) 207-9094  •  Email: inbox@serveprocesswi.com  •  Visit: www.serveprocesswi.com

EXHIBIT 6



```
          UNITED STATES
          POSTAL SERVICE.

              ANNANDALE
          4270 JOHN MARR DR
        ANNANDALE, VA 22003-9998
            (800)275-8777

12/14/2022                         02:49 PM

Product              Qty    Unit        Price
                            Price

PM Express 1-Day      1                $27.90
Flat Rate Env
    Muskego, WI 53150
    Flat Rate
    Signature Waive
    Scheduled Delivery Date
        Thu 12/15/2022 06:00 PM
    Money Back Guarantee
    Tracking #:
        EI280372410US
    Insurance                           $0.00
        Up to $100.00 included
Total                                  $27.90

Grand Total:                           $27.90

Credit Card Remit                      $27.90
```