EXHIBIT 1

Case: 21-2413     Document: 15-2     Filed: 08/21/2023     Pages: 31

# Wisconsin Department of Financial Institutions
## Strengthening Wisconsin's Financial Future

Search for:

haven salon+ day spa, inc

[Search Records]

Search
Advanced Search
Name Availability

---

**Corporate Records**                                   Result of lookup for **H052735** (at 5/10/2023 2:23 PM )

# HAVEN SALON + DAY SPA, INC.

---

**You can:** File an Annual Report - Request a Certificate of Status - File a Registered Agent/Office Update Form

---

### Vital Statistics

| | |
|---|---|
| **Entity ID** | H052735 |
| **Registered Effective Date** | 05/20/2013 |
| **Period of Existence** | PER |
| **Status** | Delinquent   Request a Certificate of Status |
| **Status Date** | 04/01/2023 |
| **Entity Type** | Domestic Business |
| **Annual Report Requirements** | Business Corporations are required to file an Annual Report under s.180.1622 WI Statutes. |

---

### Addresses

| | |
|---|---|
| **Registered Agent Office** | CARLEY DILLETT<br>W145S7644 DURHAM DR<br>MUSKEGO , WI 53150-3804<br><br>File a Registered Agent/Office Update Form |
| **Principal Office** | W145S7644 DURHAM DR<br>MUSKEGO , WI 53150-3804 |

---

### Historical Information

**Annual Reports**

| Year | Reel | Image | Filed By | Stored On |
|---|---|---|---|---|
| 2021 | 000 | 0000 | online | database |
| 2020 | 000 | 0000 | online | database |
| 2019 | 000 | 0000 | online | database |
| 2018 | 000 | 0000 | online | database |
| 2017 | 000 | 0000 | online | database |
| 2015 | 000 | 0000 | online | database |

File an Annual Report - Order a Document Copy

**Certificates of Newly-elected Officers/Directors**
None

**Old Names**     None

**Chronology**

| Effective Date | Transaction | Filed Date | Description |
|---|---|---|---|
| 05/20/2013 | Incorporated/Qualified/Registered | 05/20/2013 | E-Form |
| 04/01/2015 | Delinquent | 04/01/2015 | |
| 03/15/2016 | Restored to Good Standing | 03/15/2016 | Form16 OnlineForm |
| 04/01/2017 | Delinquent | 04/01/2017 | |
| 05/10/2017 | Change of Registered Agent | 05/10/2017 | Form16 OnlineForm |
| 05/10/2017 | Restored to Good Standing | 05/10/2017 | Form16 OnlineForm |
| 06/18/2019 | Change of Registered Agent | 06/18/2019 | Form16 OnlineForm |
| 04/01/2023 | Delinquent | 04/01/2023 | |

Order a Document Copy

EXHIBIT 2

**Ali, Arish S.**

| | |
|---|---|
| **From:** | Ali, Arish S. |
| **Sent:** | Monday, February 27, 2023 2:43 PM |
| **To:** | tim@myhavensalon.com |
| **Cc:** | Flanagan, Kevin P. |
| **Subject:** | National Labor Relations Board v. Haven Salon+Spa, Inc. (Case No. 21-2413): Notice of Court Order |
| **Attachments:** | 7th Circuit Appellate Court Order Granting Contempt Petition.pdf |
| **Categories:** | NxGen Uploaded |

Mr. Dillett,

Please see attached an order issued by the Seventh Circuit Court of Appeals today, which holds Haven Salon in contempt and issues daily fines that may only be forgiven if Haven Salon files a sworn statement within seven days of the Court order demonstrating full compliance with the Board's order and the Court's requirements. A copy of the Court order is also being mailed to you. Thank you.

Arish S. Ali
Trial Attorney



UNITED STATES GOVERNMENT
National Labor Relations Board
Contempt, Compliance, and Special Litigation Branch
1015 Half Street, 4th Floor
Washington, D.C. 20003
Tel: (202) 701-4804
Arish.Ali@nlrb.gov

In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 21-2413

NATIONAL LABOR RELATIONS BOARD,

*Petitioner*,

*v.*

HAVEN SALON + SPA, INC.,

*Respondent*.

———————————

On Application for Summary Entry of a Judgment Enforcing an Order of
the National Labor Relations Board.
Agency Case Nos. 18-CA-266091 & 18-CA-267818

———————————

SUBMITTED FEBRUARY 9, 2023 — DECIDED FEBRUARY 27, 2023

———————————

Before EASTERBROOK, HAMILTON, and SCUDDER, *Circuit Judges*.

SCUDDER, *Circuit Judge*. Parties ignore court orders at their peril. This is true in civil and criminal litigation, and this opinion reinforces that the point applies with full force to orders of the National Labor Relations Board. Haven Salon + Spa's refusal to comply fully with a Board order entered in response to the company's wrongful termination of an employee—as well as its disregard of two orders entered by our court—

leads us to hold Haven in contempt and to increase the costs of the firm's persistent noncompliance.

## I

In May 2020 Katherine Rehm worried that Haven was not doing enough to protect her and other employees from COVID. Over the next few months, she discussed her concerns with Timothy Dillett, Haven's Director of Operations and co-owner. Dillett did not react well to Rehm's suggestions. Tensions further mounted after Rehm sent a staff-wide email criticizing Dillett's handling of COVID health risks. Dillett responded by firing her. And when Dillett heard that Rehm had complained to the Board about her termination, he threatened legal action against her and her family.

At that point the Board got involved. After a hearing, an administrative law judge found that Haven had unlawfully terminated and threatened Rehm in violation of the National Labor Relations Act. See 29 U.S.C. § 158(a)(1). The ALJ recommended that the Board order Haven to compensate Rehm for lost pay and other expenses, offer to rehire her, notify her that it had removed references to her unlawful termination from her employee file, post notices of employee rights in its store locations, and file a sworn certification with the Board attesting to its compliance, among other steps.

The Board notified Haven that it would automatically adopt the ALJ's recommendations unless the firm challenged the proposed order. See 29 U.S.C. § 160(c); 29 C.F.R. §§ 102.46, 102.48. Haven never did. Because the Board's orders are not self-executing, the Board came to our court requesting that we summarily enforce its order. See 29 U.S.C. § 160(e). We granted the Board's application in September 2021.

Case: 21-2413    Document: 15-2    Filed: 08/27/2023    Pages: 31

But Haven still failed to satisfy three of the Board's requirements. It did not notify Rehm that it had removed all references to her termination from its files. It did not post a notice of employee rights at its store locations. And it did not file a sworn certification with the Board attesting to its compliance.

So the Board returned to us in December 2022, this time asking that we hold Haven in contempt. We directed the company to respond to the Board's petition. Haven did nothing. From there we ordered Haven to show cause for why the Board's petition should not be granted. Haven disregarded that order too.

We then took the extra step of asking the Board to confirm that Mr. Dillett or another representative of Haven had received copies of the pertinent orders. The Board responded with a detailed account of the measures it has taken to ensure Mr. Dillett received the orders. All indications are that Mr. Dillett is intentionally ignoring the Board and now our court.

## II

Once we enforce a Board order, "violations of it expose the violator to proceedings for contempt." *NLRB v. P*I*E Nationwide, Inc.*, 894 F.2d 887, 890 (7th Cir. 1990). Contempt is warranted if the Board establishes by clear and convincing evidence that (1) a court order set forth an unambiguous command; (2) Haven violated that command; (3) the violation was significant, which means that Haven did not substantially comply with the order; and (4) Haven failed to make a reasonable and diligent effort to comply. See *Ohr ex rel. NLRB v. Latino Express, Inc.*, 776 F.3d 469, 474 (7th Cir. 2015).

Haven's conduct meets these criteria. On two prior occasions, we ordered Haven to respond to the Board's petition for contempt. Haven has not complied. Indeed, we have not heard a word from Haven. And the Board's most recent submission indicates that Haven's strategy is to hope everything somehow goes away by ignoring the Board and court. This cannot stand.

We therefore hold Haven in contempt. To eliminate the contempt, Haven must:

1.  Fully comply with our judgment enforcing the Board's order;

2.  Upon posting the notices required by the Board's order, provide the Board's regional director within seven days from the date of this opinion with a signed copy of the posted notices, information about where the notices are posted, and access to the notices to verify Haven's compliance;

3.  Pay the Board all reasonable costs and expenses, including attorneys' fees; and

4.  File a sworn statement with the clerk of this court within seven days from the date of this opinion, attesting to the steps that Haven has taken to comply and the precise dates on which it took these steps.

We also order Haven to pay a fine of $1,000, as well as a fine of $150 per day for every day of the next week that Haven fails to comply. The daily fines will commence on February 28, 2023. The daily fine will then increase by $100 each day that Haven fails to comply beyond the next week. This means

that on March 7, 2023, the $150 fine will become a $250 fine, and on March 8, 2023, the $250 fine will become a $350 fine, and so on.

We will forgive the fines only if Haven files a sworn statement within seven days of this opinion demonstrating full compliance with the Board's order and our requirements. See *Blankenship & Assocs., Inc. v. NLRB*, 54 F.3d 447, 450 (7th Cir. 1995) (citing *International Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827, 828–29 (1994)) (noting that "a civil fine for contempt that is forgiven if the contempt is purged [] is a standard remedy in civil contempt").

We direct the Clerk of Court to send this opinion by certified U.S. mail and email to all known addresses of Haven and Timothy Dillett. We also direct the Board to provide an accounting of its costs and its attorneys' fees within seven days of this opinion. Should Haven continue to disregard this court's orders, the Board may seek additional remedies, as appropriate. It is so ORDERED.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.

EXHIBIT 3A



**UNITED STATES POSTAL SERVICE** ®

**PRIORITY® MAIL**

**FROM:**

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD
1015 HALF STREET S.E., 3RD FLOOR
WASHINGTON, DC 20570

**TO:**

~~Anthony Barnett~~
W14557644 Durham Drive
Muskego, WI 53150

'23 NLRB
MAR 14 2023
MAILROOM

RETURN

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**FLAT RATE ENVELOPE**

ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSURED**

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

EP14F July 2022
OD: 12 1/2 x 9 1/2

PS00001000014

This package is made from post-consumer waste. Please recycle - again.

# VISIT US AT USPS.COM®
## ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.

# FLAT RATE ENVELOPE
## ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

# TRACKED ■ INSURED

EP14F July 2022
OD: 12 1/2 x 9 1/2



PS00001000014

In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 21-2413

NATIONAL LABOR RELATIONS BOARD,

*Petitioner*,

*v.*

HAVEN SALON + SPA, INC.,

*Respondent*.

---

On Application for Summary Entry of a Judgment Enforcing an Order of
the National Labor Relations Board.
Agency Case Nos. 18-CA-266091 & 18-CA-267818

---

SUBMITTED FEBRUARY 9, 2023 — DECIDED FEBRUARY 27, 2023

---

Before EASTERBROOK, HAMILTON, and SCUDDER, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Parties ignore court orders at their peril. This is true in civil and criminal litigation, and this opinion reinforces that the point applies with full force to orders of the National Labor Relations Board. Haven Salon + Spa's refusal to comply fully with a Board order entered in response to the company's wrongful termination of an employee—as well as its disregard of two orders entered by our court—

No. 21-2413

leads us to hold Haven in contempt and to increase the costs
of the firm's persistent noncompliance.

I

In May 2020 Katherine Rehm worried that Haven was not
doing enough to protect her and other employees from
COVID. Over the next few months, she discussed her con-
cerns with Timothy Dillett, Haven's Director of Operations
and co-owner. Dillett did not react well to Rehm's sugges-
tions. Tensions further mounted after Rehm sent a staff-wide
email criticizing Dillett's handling of COVID health risks. Dil-
lett responded by firing her. And when Dillett heard that
Rehm had complained to the Board about her termination, he
threatened legal action against her and her family.

At that point the Board got involved. After a hearing, an
administrative law judge found that Haven had unlawfully
terminated and threatened Rehm in violation of the National
Labor Relations Act. See 29 U.S.C. § 158(a)(1). The ALJ recom-
mended that the Board order Haven to compensate Rehm for
lost pay and other expenses, offer to rehire her, notify her that
it had removed references to her unlawful termination from
her employee file, post notices of employee rights in its store
locations, and file a sworn certification with the Board attest-
ing to its compliance, among other steps.

The Board notified Haven that it would automatically
adopt the ALJ's recommendations unless the firm challenged
the proposed order. See 29 U.S.C. § 160(c); 29 C.F.R. §§ 102.46,
102.48. Haven never did. Because the Board's orders are not
self-executing, the Board came to our court requesting that we
summarily enforce its order. See 29 U.S.C. § 160(e). We
granted the Board's application in September 2021.

No. 21-2413                                                                3

But Haven still failed to satisfy three of the Board's requirements. It did not notify Rehm that it had removed all references to her termination from its files. It did not post a notice of employee rights at its store locations. And it did not file a sworn certification with the Board attesting to its compliance.

So the Board returned to us in December 2022, this time asking that we hold Haven in contempt. We directed the company to respond to the Board's petition. Haven did nothing. From there we ordered Haven to show cause for why the Board's petition should not be granted. Haven disregarded that order too.

We then took the extra step of asking the Board to confirm that Mr. Dillett or another representative of Haven had received copies of the pertinent orders. The Board responded with a detailed account of the measures it has taken to ensure Mr. Dillett received the orders. All indications are that Mr. Dillett is intentionally ignoring the Board and now our court.

## II

Once we enforce a Board order, "violations of it expose the violator to proceedings for contempt." *NLRB v. P*I*E Nationwide, Inc.*, 894 F.2d 887, 890 (7th Cir. 1990). Contempt is warranted if the Board establishes by clear and convincing evidence that (1) a court order set forth an unambiguous command; (2) Haven violated that command; (3) the violation was significant, which means that Haven did not substantially comply with the order; and (4) Haven failed to make a reasonable and diligent effort to comply. See *Ohr ex rel. NLRB v. Latino Express, Inc.*, 776 F.3d 469, 474 (7th Cir. 2015).

4                                                        No. 21-2413

Haven's conduct meets these criteria. On two prior occasions, we ordered Haven to respond to the Board's petition for contempt. Haven has not complied. Indeed, we have not heard a word from Haven. And the Board's most recent submission indicates that Haven's strategy is to hope everything somehow goes away by ignoring the Board and court. This cannot stand.

We therefore hold Haven in contempt. To eliminate the contempt, Haven must:

1.  Fully comply with our judgment enforcing the Board's order;

2.  Upon posting the notices required by the Board's order, provide the Board's regional director within seven days from the date of this opinion with a signed copy of the posted notices, information about where the notices are posted, and access to the notices to verify Haven's compliance;

3.  Pay the Board all reasonable costs and expenses, including attorneys' fees; and

4.  File a sworn statement with the clerk of this court within seven days from the date of this opinion, attesting to the steps that Haven has taken to comply and the precise dates on which it took these steps.

We also order Haven to pay a fine of $1,000, as well as a fine of $150 per day for every day of the next week that Haven fails to comply. The daily fines will commence on February 28, 2023. The daily fine will then increase by $100 each day that Haven fails to comply beyond the next week. This means

No. 21-2413                                                          5

that on March 7, 2023, the $150 fine will become a $250 fine, and on March 8, 2023, the $250 fine will become a $350 fine, and so on.

We will forgive the fines only if Haven files a sworn statement within seven days of this opinion demonstrating full compliance with the Board's order and our requirements. See *Blankenship & Assocs., Inc. v. NLRB*, 54 F.3d 447, 450 (7th Cir. 1995) (citing *International Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827, 828–29 (1994)) (noting that "a civil fine for contempt that is forgiven if the contempt is purged [] is a standard remedy in civil contempt").

We direct the Clerk of Court to send this opinion by certified U.S. mail and email to all known addresses of Haven and Timothy Dillett. We also direct the Board to provide an accounting of its costs and its attorneys' fees within seven days of this opinion. Should Haven continue to disregard this court's orders, the Board may seek additional remedies, as appropriate. It is so ORDERED.

#3   NLRB

MAR 1 5 2023

MAILROOM







-800-PICK-UPS® (1-800-742-5877)

find a drop-off location near you.

This envelope is for use
with the following services:

NATIONAL LABOR RELATIONS BOARD
202-273-3793
NATIONAL LABOR RELATIONS BOARD
1015 HALF STREET SE
WASHINGTON DC 20003

0.3 LBS LTR          1 OF 1

RETURN
TO:
NLRB – WASHINGTON HQ
GS33FBQTO8QPNBQW0070
1015 HALF ST SE
RM DOCK
WASHINGTON DC 20570

11/MAR/2023 21:40 5310

DC 201 9–83

1Z2264ER1291203845

UPS 3 DAY SELECT          3
TRACKING #: 1Z 2264 ER 12 9120 3845

33989628UPS WIOAKS0CUDC US 5310 MAR 11 21:40:20 2023 HIP 23.3.0 ZP4505

RETURN
NOT AT ADDRESS

Department: NLRB
First Initial Last Name: A. Ali/Contempt

NLRB

RETURN TO SHIPPER          11/MAR/2023 21:40 5310
REASON FOR RETURN:
RECEIVER DID NOT WANT, REFUSED DELIVERY
ORIGINAL RECEIVER:

DC 201 9–83

1Z2264ER1291203845

01019511212 4/14 PAC United Parce

UPS CampusShip: View/Print Label

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the solid line below.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

   **Customers without a Daily Pickup**
   Take your package to any location of The UPS Store®, UPS Access Point(TM) location, UPS Drop Box, UPS Customer Center, Staples® or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.

| UPS Access Point™ | UPS Access Point™ | UPS Access Point™ |
|---|---|---|
| THE UPS STORE | CVS STORE # 7102 | THE UPS STORE |
| 1100 NEW JERSEY AVE SE | 1100 NEW JERSEY AVE SE | 611 PENNSYLVANIA AVE SE |
| WASHINGTON ,DC 20003 | WASHINGTON ,DC 20003 | WASHINGTON ,DC 20003 |

FOLD HERE





No. 21-2413                                          5

that on March 7, 2023, the $150 fine will become a $250 fine, and on March 8, 2023, the $250 fine will become a $350 fine, and so on.

We will forgive the fines only if Haven files a sworn statement within seven days of this opinion demonstrating full compliance with the Board's order and our requirements. See *Blankenship & Assocs., Inc. v. NLRB*, 54 F.3d 447, 450 (7th Cir. 1995) (citing *International Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827, 828–29 (1994)) (noting that "a civil fine for contempt that is forgiven if the contempt is purged [] is a standard remedy in civil contempt").

We direct the Clerk of Court to send this opinion by certified U.S. mail and email to all known addresses of Haven and Timothy Dillett. We also direct the Board to provide an accounting of its costs and its attorneys' fees within seven days of this opinion. Should Haven continue to disregard this court's orders, the Board may seek additional remedies, as appropriate. It is so ORDERED.

Haven's conduct meets these criteria. On two prior occasions, we ordered Haven to respond to the Board's petition for contempt. Haven has not complied. Indeed, we have not heard a word from Haven. And the Board's most recent submission indicates that Haven's strategy is to hope everything somehow goes away by ignoring the Board and court. This cannot stand.

We therefore hold Haven in contempt. To eliminate the contempt, Haven must:

1.  Fully comply with our judgment enforcing the Board's order;

2.  Upon posting the notices required by the Board's order, provide the Board's regional director within seven days from the date of this opinion with a signed copy of the posted notices, information about where the notices are posted, and access to the notices to verify Haven's compliance;

3.  Pay the Board all reasonable costs and expenses, including attorneys' fees; and

4.  File a sworn statement with the clerk of this court within seven days from the date of this opinion, attesting to the steps that Haven has taken to comply and the precise dates on which it took these steps.

We also order Haven to pay a fine of $1,000, as well as a fine of $150 per day for every day of the next week that Haven fails to comply. The daily fines will commence on February 28, 2023. The daily fine will then increase by $100 each day that Haven fails to comply beyond the next week. This means

No. 21-2413                                                    3

But Haven still failed to satisfy three of the Board's re-
quirements. It did not notify Rehm that it had removed all
references to her termination from its files. It did not post a
notice of employee rights at its store locations. And it did not
file a sworn certification with the Board attesting to its com-
pliance.

So the Board returned to us in December 2022, this time
asking that we hold Haven in contempt. We directed the com-
pany to respond to the Board's petition. Haven did nothing.
From there we ordered Haven to show cause for why the
Board's petition should not be granted. Haven disregarded
that order too.

We then took the extra step of asking the Board to confirm
that Mr. Dillett or another representative of Haven had re-
ceived copies of the pertinent orders. The Board responded
with a detailed account of the measures it has taken to ensure
Mr. Dillett received the orders. All indications are that Mr.
Dillett is intentionally ignoring the Board and now our court.

## II

Once we enforce a Board order, "violations of it expose the
violator to proceedings for contempt." *NLRB v. P*I*E Nation-
wide, Inc.*, 894 F.2d 887, 890 (7th Cir. 1990). Contempt is war-
ranted if the Board establishes by clear and convincing evi-
dence that (1) a court order set forth an unambiguous com-
mand; (2) Haven violated that command; (3) the violation was
significant, which means that Haven did not substantially
comply with the order; and (4) Haven failed to make a rea-
sonable and diligent effort to comply. See *Ohr ex rel. NLRB v.
Latino Express, Inc.*, 776 F.3d 469, 474 (7th Cir. 2015).

leads us to hold Haven in contempt and to increase the costs of the firm's persistent noncompliance.

I

In May 2020 Katherine Rehm worried that Haven was not doing enough to protect her and other employees from COVID. Over the next few months, she discussed her concerns with Timothy Dillett, Haven's Director of Operations and co-owner. Dillett did not react well to Rehm's suggestions. Tensions further mounted after Rehm sent a staff-wide email criticizing Dillett's handling of COVID health risks. Dillett responded by firing her. And when Dillett heard that Rehm had complained to the Board about her termination, he threatened legal action against her and her family.

At that point the Board got involved. After a hearing, an administrative law judge found that Haven had unlawfully terminated and threatened Rehm in violation of the National Labor Relations Act. See 29 U.S.C. § 158(a)(1). The ALJ recommended that the Board order Haven to compensate Rehm for lost pay and other expenses, offer to rehire her, notify her that it had removed references to her unlawful termination from her employee file, post notices of employee rights in its store locations, and file a sworn certification with the Board attesting to its compliance, among other steps.

The Board notified Haven that it would automatically adopt the ALJ's recommendations unless the firm challenged the proposed order. See 29 U.S.C. § 160(c); 29 C.F.R. §§ 102.46, 102.48. Haven never did. Because the Board's orders are not self-executing, the Board came to our court requesting that we summarily enforce its order. See 29 U.S.C. § 160(e). We granted the Board's application in September 2021.

In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 21-2413

NATIONAL LABOR RELATIONS BOARD,

*Petitioner*,

*v.*

HAVEN SALON + SPA, INC.,

*Respondent.*

---

On Application for Summary Entry of a Judgment Enforcing an Order of
the National Labor Relations Board.
Agency Case Nos. 18-CA-266091 & 18-CA-267818

---

SUBMITTED FEBRUARY 9, 2023 — DECIDED FEBRUARY 27, 2023

---

Before EASTERBROOK, HAMILTON, and SCUDDER, *Circuit Judges*.

SCUDDER, *Circuit Judge*. Parties ignore court orders at their peril. This is true in civil and criminal litigation, and this opinion reinforces that the point applies with full force to orders of the National Labor Relations Board. Haven Salon + Spa's refusal to comply fully with a Board order entered in response to the company's wrongful termination of an employee—as well as its disregard of two orders entered by our court—

# NOT A UPS SHIPPING LABEL

Thank you for using UPS CampusShip (TM)

This shipping ticket is not a valid UPS shipping label and is for your internal company's use only.

Please print a shipping label and attach it to the package before shipping with UPS.

**Shipping Ticket for 2264ER  Internal Use Only**

Please attach this ticket to your package



**7649549773991277 5001**

Service Level: UPS NEXT DAY AIR
Department: NLRB
First Initial Last Name: A. Ali/Contempt

Ship To:

TIM DILLETT
HAVEN SALON+SPA, INC.
W145S7644 DURHAM DRIVE
MUSKEGO WI 53150 3804

Ship From:

NATIONAL LABOR RELATIONS BOARD
202-273-3793
ROOM 3022
1015 HALF STREET SE
**WASHINGTON DC 20003**
E-mail Address:
michael.hawas@nlrb.gov

Prepared by:
National Labor Relations Board
Telephone Number:
202-273-3793
E-mail Address:
michael.hawas@nlrb.gov

EXHIBIT 3B

**UPS CampusShip: View/Print Label**

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the solid line below.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

   **Customers without a Daily Pickup**
   Take your package to any location of The UPS Store®, UPS Access Point(TM) location, UPS Drop Box, UPS Customer Center, Staples® or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.

| UPS Access Point™ | UPS Access Point™ | UPS Access Point™ |
|---|---|---|
| THE UPS STORE | CVS STORE # 7102 | THE UPS STORE |
| 1100 NEW JERSEY AVE SE | 1100 NEW JERSEY AVE SE | 611 PENNSYLVANIA AVE SE |
| WASHINGTON ,DC 20003 | WASHINGTON ,DC 20003 | WASHINGTON ,DC 20003 |

FOLD HERE





No. 21-2413                                                                5

that on March 7, 2023, the $150 fine will become a $250 fine, and on March 8, 2023, the $250 fine will become a $350 fine, and so on.

We will forgive the fines only if Haven files a sworn statement within seven days of this opinion demonstrating full compliance with the Board's order and our requirements. See *Blankenship & Assocs., Inc. v. NLRB*, 54 F.3d 447, 450 (7th Cir. 1995) (citing *International Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827, 828–29 (1994)) (noting that "a civil fine for contempt that is forgiven if the contempt is purged [] is a standard remedy in civil contempt").

We direct the Clerk of Court to send this opinion by certified U.S. mail and email to all known addresses of Haven and Timothy Dillett. We also direct the Board to provide an accounting of its costs and its attorneys' fees within seven days of this opinion. Should Haven continue to disregard this court's orders, the Board may seek additional remedies, as appropriate. It is so ORDERED.

Haven's conduct meets these criteria. On two prior occasions, we ordered Haven to respond to the Board's petition for contempt. Haven has not complied. Indeed, we have not heard a word from Haven. And the Board's most recent submission indicates that Haven's strategy is to hope everything somehow goes away by ignoring the Board and court. This cannot stand.

We therefore hold Haven in contempt. To eliminate the contempt, Haven must:

1. Fully comply with our judgment enforcing the Board's order;

2. Upon posting the notices required by the Board's order, provide the Board's regional director within seven days from the date of this opinion with a signed copy of the posted notices, information about where the notices are posted, and access to the notices to verify Haven's compliance;

3. Pay the Board all reasonable costs and expenses, including attorneys' fees; and

4. File a sworn statement with the clerk of this court within seven days from the date of this opinion, attesting to the steps that Haven has taken to comply and the precise dates on which it took these steps.

We also order Haven to pay a fine of $1,000, as well as a fine of $150 per day for every day of the next week that Haven fails to comply. The daily fines will commence on February 28, 2023. The daily fine will then increase by $100 each day that Haven fails to comply beyond the next week. This means

Case: 21-2413    Document: 12    Filed: 02/27/2023    Pages: 5

No. 21-2413                                                                    3

But Haven still failed to satisfy three of the Board's requirements. It did not notify Rehm that it had removed all references to her termination from its files. It did not post a notice of employee rights at its store locations. And it did not file a sworn certification with the Board attesting to its compliance.

So the Board returned to us in December 2022, this time asking that we hold Haven in contempt. We directed the company to respond to the Board's petition. Haven did nothing. From there we ordered Haven to show cause for why the Board's petition should not be granted. Haven disregarded that order too.

We then took the extra step of asking the Board to confirm that Mr. Dillett or another representative of Haven had received copies of the pertinent orders. The Board responded with a detailed account of the measures it has taken to ensure Mr. Dillett received the orders. All indications are that Mr. Dillett is intentionally ignoring the Board and now our court.

## II

Once we enforce a Board order, "violations of it expose the violator to proceedings for contempt." *NLRB v. P\*I\*E Nationwide, Inc.*, 894 F.2d 887, 890 (7th Cir. 1990). Contempt is warranted if the Board establishes by clear and convincing evidence that (1) a court order set forth an unambiguous command; (2) Haven violated that command; (3) the violation was significant, which means that Haven did not substantially comply with the order; and (4) Haven failed to make a reasonable and diligent effort to comply. See *Ohr ex rel. NLRB v. Latino Express, Inc.*, 776 F.3d 469, 474 (7th Cir. 2015).

leads us to hold Haven in contempt and to increase the costs
of the firm's persistent noncompliance.

I

In May 2020 Katherine Rehm worried that Haven was not
doing enough to protect her and other employees from
COVID. Over the next few months, she discussed her con-
cerns with Timothy Dillett, Haven's Director of Operations
and co-owner. Dillett did not react well to Rehm's sugges-
tions. Tensions further mounted after Rehm sent a staff-wide
email criticizing Dillett's handling of COVID health risks. Dil-
lett responded by firing her. And when Dillett heard that
Rehm had complained to the Board about her termination, he
threatened legal action against her and her family.

At that point the Board got involved. After a hearing, an
administrative law judge found that Haven had unlawfully
terminated and threatened Rehm in violation of the National
Labor Relations Act. See 29 U.S.C. § 158(a)(1). The ALJ recom-
mended that the Board order Haven to compensate Rehm for
lost pay and other expenses, offer to rehire her, notify her that
it had removed references to her unlawful termination from
her employee file, post notices of employee rights in its store
locations, and file a sworn certification with the Board attest-
ing to its compliance, among other steps.

The Board notified Haven that it would automatically
adopt the ALJ's recommendations unless the firm challenged
the proposed order. See 29 U.S.C. § 160(c); 29 C.F.R. §§ 102.46,
102.48. Haven never did. Because the Board's orders are not
self-executing, the Board came to our court requesting that we
summarily enforce its order. See 29 U.S.C. § 160(e). We
granted the Board's application in September 2021.

In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 21-2413

NATIONAL LABOR RELATIONS BOARD,

*Petitioner*,

*v.*

HAVEN SALON + SPA, INC.,

*Respondent*.

---

On Application for Summary Entry of a Judgment Enforcing an Order of
the National Labor Relations Board.
Agency Case Nos. 18-CA-266091 & 18-CA-267818

---

SUBMITTED FEBRUARY 9, 2023 — DECIDED FEBRUARY 27, 2023

---

Before EASTERBROOK, HAMILTON, and SCUDDER, *Circuit Judges*.

SCUDDER, *Circuit Judge*. Parties ignore court orders at their peril. This is true in civil and criminal litigation, and this opinion reinforces that the point applies with full force to orders of the National Labor Relations Board. Haven Salon + Spa's refusal to comply fully with a Board order entered in response to the company's wrongful termination of an employee—as well as its disregard of two orders entered by our court—

# NOT A UPS SHIPPING LABEL

Thank you for using UPS CampusShip (TM)

This shipping ticket is not a valid UPS shipping label and is for your internal company's use only.

Please print a shipping label and attach it to the package before shipping with UPS.

**Shipping Ticket for 2264ER Internal Use Only**

Please attach this ticket to your package



85320522438059220001

Service Level: UPS NEXT DAY AIR
Department: NLRB
First Initial Last Name: A. Ali/Contempt

**Ship To:**

TIM DILLETT
HAVEN SALON+SPA, INC.
S76W17789 JANESVILLE RD
MUSKEGO WI 531509299

**Ship From:**

NATIONAL LABOR RELATIONS BOARD
202-273-3793
ROOM 3022
1015 HALF STREET SE
**WASHINGTON DC 20003**
E-mail Address:
michael.havas@nlrb.gov

Prepared by:
National Labor Relations Board
Telephone Number:
202-273-3793
E-mail Address:
michael.havas@nlrb.gov