**EXHIBIT 4**

## AFFIDAVIT OF SERVICE

| Case: 21-2413 | Court: In The United States Court of Appeals For The Seventh Circuit | County: | Job: 8559426 |
|---|---|---|---|
| **Plaintiff / Petitioner:** National Labor Relations Board | | **Defendant / Respondent:** Haven Salon+Spa, Inc. | |
| **Received by:** WI Process | | **For:** United States Government - National Labor Relations Board | |
| **To be served upon:** Haven Salon+Spa, Inc. c/o Timothy Dillett | | | |

I, Gino Hoffmann, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | Haven Salon+Spa, Inc. , Haven Salon+Spa: S76W17789 JANESVILLE RD, MUSKEGO, WI 53150-9299 |
| **Manner of Service:** | Business, Mar 18, 2023, 2:06 pm CDT |
| **Documents:** | On Application for Summary Entry of a Judgment Enforcing an Order of the National Labor Relations Board. Agency Case Nos. 18-CA-266091 & 18-CA-267818 (Received March 16, 2023 at 11:43am CST) |

**Additional Comments:**
1) Unsuccessful Attempt: Mar 16, 2023, 7:24 pm CDT at Haven Salon+Spa: S76W17789 JANESVILLE RD, MUSKEGO, WI 53150-9299
The business is operational. Approximately 9-10 cars in the business parking lot. I entered the salon and a single female hairstylist was working on a customer's hair. I asked her if Timothy Dillett or a Manager was available. She said No. She behaved strangely/dismissive and said Tim doesn't work here and he would not get anything that came here for him. I asked if she knew how to get ahold of him, she scoffed and said no and I am with a client right now. She had her hands full of hair product. I located a Facebook profile for a Carlye Marie that matched the description of the female hairstylist. Her profile indicated she is the Managing Director of Haven Salon+Spa.

2) Unsuccessful Attempt: Mar 16, 2023, 7:47 pm CDT at W145S7644 DURHAM DR, MUSKEGO, WI 53150-3804
I rang the video doorbell to the residence and there was no answer. I waited several minutes and rang again, and there was no answer. Lights appeared on inside the home. No vehicles in the driveway.

3) Unsuccessful Attempt: Mar 16, 2023, 8:06 pm CDT at W184S8538 DEAN CT, MUSKEGO, WI 53150
I rang the doorbell to the residence and a Caucasian male approximately 40-45 years of age, blonde hair, approx 5'10", 160-180lbs answered the door. I asked if Timothy Dillett was home, he said not right now. I asked if knew how to get ahold of him, he said no. He paused and was hesitant to respond. I asked if the name sounded familiar and he aggressively said NO as he shut the door. A Jeep with Wisconsin tags AHM-6300 was parked in the driveway. I located a photo of a Timothy Dillet on Facebook. It appears to be the same male that answered the door at this Dean Court address, depicted with the female hairstylist I just spoke with at the salon earlier this evening. I believe the male I just spoke with may be lying about his identity and is avoiding service of the documents.

4) Unsuccessful Attempt: Mar 17, 2023, 6:23 pm CDT at Haven Salon+Spa: S76W17789 JANESVILLE RD, MUSKEGO, WI 53150-9299
The salon appears closed for the day. I checked hours of operation that indicate they are open from 8am-4pm tomorrow (Saturday). I will return one more time tomorrow.

5) Successful Attempt: Mar 18, 2023, 2:06 pm CDT at Haven Salon+Spa: S76W17789 JANESVILLE RD, MUSKEGO, WI 53150-9299 received by Haven Salon+Spa, Inc c/o Josie Roman, Receptionist; Age: 18-25; Ethnicity: Caucasian; Gender: Female; Weight: 130; Height: 5'9"; Hair: Blond; Relationship: Receptionist; I entered the business that is open and actively serving customers. Approx 15 cars in the parking lot and customers actively getting salon services. I approached the reception desk and asked if a Manager, Carlye or Tim Dillett were available. The female receptionist identified as Josie Roman, said no they are not here. I handed her the documents and asked if she would please give to Timothy Dillet, Carlye or whomever is running this business (Owner and/or Manager). She said yes took the documents.

_____    03/20/2023
Gino Hoffmann                Date

WI Process
P.O. Box 270032
Milwaukee, WI 53227
(414) 207-9094

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
**Notary Public**
3-20-2023          6-18-2025
**Date**          **Commission Expires**

JOSHUA JON HOFFMANN
Notary Public
State of Wisconsin

In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 21-2413

NATIONAL LABOR RELATIONS BOARD,

*Petitioner,*

*v.*

HAVEN SALON + SPA, INC.,

*Respondent.*

---

On Application for Summary Entry of a Judgment Enforcing an Order of
the National Labor Relations Board.
Agency Case Nos. 18-CA-266091 & 18-CA-267818

---

SUBMITTED FEBRUARY 9, 2023 — DECIDED FEBRUARY 27, 2023

---

Before EASTERBROOK, HAMILTON, and SCUDDER, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Parties ignore court orders at their peril. This is true in civil and criminal litigation, and this opinion reinforces that the point applies with full force to orders of the National Labor Relations Board. Haven Salon + Spa's refusal to comply fully with a Board order entered in response to the company's wrongful termination of an employee—as well as its disregard of two orders entered by our court—

leads us to hold Haven in contempt and to increase the costs
of the firm's persistent noncompliance.

## I

In May 2020 Katherine Rehm worried that Haven was not
doing enough to protect her and other employees from
COVID. Over the next few months, she discussed her con-
cerns with Timothy Dillett, Haven's Director of Operations
and co-owner. Dillett did not react well to Rehm's sugges-
tions. Tensions further mounted after Rehm sent a staff-wide
email criticizing Dillett's handling of COVID health risks. Dil-
lett responded by firing her. And when Dillett heard that
Rehm had complained to the Board about her termination, he
threatened legal action against her and her family.

At that point the Board got involved. After a hearing, an
administrative law judge found that Haven had unlawfully
terminated and threatened Rehm in violation of the National
Labor Relations Act. See 29 U.S.C. § 158(a)(1). The ALJ recom-
mended that the Board order Haven to compensate Rehm for
lost pay and other expenses, offer to rehire her, notify her that
it had removed references to her unlawful termination from
her employee file, post notices of employee rights in its store
locations, and file a sworn certification with the Board attest-
ing to its compliance, among other steps.

The Board notified Haven that it would automatically
adopt the ALJ's recommendations unless the firm challenged
the proposed order. See 29 U.S.C. § 160(c); 29 C.F.R. §§ 102.46,
102.48. Haven never did. Because the Board's orders are not
self-executing, the Board came to our court requesting that we
summarily enforce its order. See 29 U.S.C. § 160(e). We
granted the Board's application in September 2021.

No. 21-2413                                                    3

But Haven still failed to satisfy three of the Board's requirements. It did not notify Rehm that it had removed all references to her termination from its files. It did not post a notice of employee rights at its store locations. And it did not file a sworn certification with the Board attesting to its compliance.

So the Board returned to us in December 2022, this time asking that we hold Haven in contempt. We directed the company to respond to the Board's petition. Haven did nothing. From there we ordered Haven to show cause for why the Board's petition should not be granted. Haven disregarded that order too.

We then took the extra step of asking the Board to confirm that Mr. Dillett or another representative of Haven had received copies of the pertinent orders. The Board responded with a detailed account of the measures it has taken to ensure Mr. Dillett received the orders. All indications are that Mr. Dillett is intentionally ignoring the Board and now our court.

## II

Once we enforce a Board order, "violations of it expose the violator to proceedings for contempt." *NLRB v. P\*I\*E Nationwide, Inc.*, 894 F.2d 887, 890 (7th Cir. 1990). Contempt is warranted if the Board establishes by clear and convincing evidence that (1) a court order set forth an unambiguous command; (2) Haven violated that command; (3) the violation was significant, which means that Haven did not substantially comply with the order; and (4) Haven failed to make a reasonable and diligent effort to comply. See *Ohr ex rel. NLRB v. Latino Express, Inc.*, 776 F.3d 469, 474 (7th Cir. 2015).

Haven's conduct meets these criteria. On two prior occasions, we ordered Haven to respond to the Board's petition for contempt. Haven has not complied. Indeed, we have not heard a word from Haven. And the Board's most recent submission indicates that Haven's strategy is to hope everything somehow goes away by ignoring the Board and court. This cannot stand.

We therefore hold Haven in contempt. To eliminate the contempt, Haven must:

1. Fully comply with our judgment enforcing the Board's order;

2. Upon posting the notices required by the Board's order, provide the Board's regional director within seven days from the date of this opinion with a signed copy of the posted notices, information about where the notices are posted, and access to the notices to verify Haven's compliance;

3. Pay the Board all reasonable costs and expenses, including attorneys' fees; and

4. File a sworn statement with the clerk of this court within seven days from the date of this opinion, attesting to the steps that Haven has taken to comply and the precise dates on which it took these steps.

We also order Haven to pay a fine of $1,000, as well as a fine of $150 per day for every day of the next week that Haven fails to comply. The daily fines will commence on February 28, 2023. The daily fine will then increase by $100 each day that Haven fails to comply beyond the next week. This means

that on March 7, 2023, the $150 fine will become a $250 fine, and on March 8, 2023, the $250 fine will become a $350 fine, and so on.

We will forgive the fines only if Haven files a sworn statement within seven days of this opinion demonstrating full compliance with the Board's order and our requirements. See *Blankenship & Assocs., Inc. v. NLRB*, 54 F.3d 447, 450 (7th Cir. 1995) (citing *International Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827, 828–29 (1994)) (noting that "a civil fine for contempt that is forgiven if the contempt is purged [] is a standard remedy in civil contempt").

We direct the Clerk of Court to send this opinion by certified U.S. mail and email to all known addresses of Haven and Timothy Dillett. We also direct the Board to provide an accounting of its costs and its attorneys' fees within seven days of this opinion. Should Haven continue to disregard this court's orders, the Board may seek additional remedies, as appropriate. It is so ORDERED.

**Exhibit A**

Process Server
>    Gino Hoffmann

Date & Time
>    Mar 16, 2023, 7:24 pm CDT

Service Type
>    Unsuccessful Attempt

# Service Address

Haven Salon+Spa
S76W17789 JANESVILLE RD
MUSKEGO, WI 53150-9299
WAUKESHA











**Facebook**

https://www.facebook.com/carley.dillett



**Carley Dillett** · 2nd
Director/Owner at Haven Salon + Day Spa

Haven Salon + Day Spa · Concordia
University-Wisconsin
Muskego, Wisconsin, United States

349 connections

 Alma Kolata, Stan Zurawski, and 2 other mutual
connections

  

---

**LinkedIn**

https://www.linkedin.com/in/carley-dillett-67228880/

---

## Activity
348 followers

**Carley hasn't posted lately**
Carley's recent posts and comments will be
displayed here.

Show all activity →

## Experience

Director/Owner

  

**Exhibit B**

Process Server
    Gino Hoffmann

Date & Time
    Mar 16, 2023, 7:47 pm CDT

Service Type
    Unsuccessful Attempt

## Service Address

W145S7644 DURHAM DR
MUSKEGO, WI 53150-3804
WAUKESHA



**Exhibit C**

Process Server
  Gino Hoffmann
Date & Time
  Mar 16, 2023, 8:06 pm CDT
Service Type
  Unsuccessful Attempt

# Service Address

W184S8538 DEAN CT
MUSKEGO, WI 53150
WAUKESHA







## Exhibit D

Process Server
  Gino Hoffmann
Date & Time
  Mar 17, 2023, 6:23 pm CDT
Service Type
  Unsuccessful Attempt

# Service Address

Haven Salon+Spa
S76W17789 JANESVILLE RD
MUSKEGO, WI 53150-9299
WAUKESHA



**Exhibit E**

Process Server
> Gino Hoffmann

Date & Time
> Mar 18, 2023, 2:06 pm CDT

Service Type
> Successful - Business

## Service Address

Haven Salon+Spa

S76W17789 JANESVILLE RD
MUSKEGO, WI 53150-9299
WAUKESHA











