# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

September 1, 2023

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-2413

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br>    *Petitioner*,<br><br>    v.<br><br>HAVEN SALON + SPA, INC.,<br>    *Respondent*. | On Application for Summary Entry of a Judgment Enforcing an Order of the National Labor Relations Board.<br><br>Nos.  18-CA-266091<br>        18-CA-267818 |

**O R D E R**

    On February 27, 2023, we held Haven Salon + Spa, Inc. in contempt for failing to comply with our judgment enforcing an order of the National Labor Relations Board. *NLRB v. Haven Salon + Spa, Inc.*, 60 F.4th 1058, 1059 (7th Cir. 2023). We ordered Haven to take specific steps to comply with the relevant orders, and to pay fines and the Board's costs and attorneys' fees. We also warned that the Board could seek additional remedies if Haven continued to ignore our orders. Despite the clerk mailing and emailing our opinion to Haven and its owner, Timothy Dillett, and the Board's additional efforts to serve Haven and Dillett, Haven has failed to acknowledge our opinion or to take any steps to purge itself of contempt.

The Board now seeks three forms of additional relief: 1) liquidation of the attorneys' fees and a portion of the accumulated fines; 2) addition of Timothy and Carley Dillett as respondents in contempt; and 3) issuance of writs of body attachment directing the United States Marshal to take the Dilletts into custody. We agree with the Board that more coercive measures are necessary to ensure Haven's compliance and grant its motion.

## A.

We briefly recount the legal proceedings leading to the Board's current motion. In May 2020 Timothy Dillett fired Katherine Rehm after she sent a staff-wide email criticizing Dillett's handling of COVID health risks. The Board filed a complaint alleging that Haven had unlawfully terminated and threatened Rehm in violation of the National Labor Relations Act. See 29 U.S.C. § 158(a)(1). After a hearing, an administrative law judge agreed and recommended that the Board order Haven to compensate Rehm for lost pay and other expenses, offer to rehire her, notify her that it had removed references to her unlawful termination from her employee file, post notices of employee rights in its store locations, and file a sworn certification with the Board attesting to its compliance, among other steps. Haven did not challenge the proposed order, so the Board adopted the ALJ's findings and conclusions. The Board then asked this court to summarily enforce its order. See 29 U.S.C. § 160(e). Haven did not file a response, and we granted the Board's application in September 2021.

In December 2022 the Board asked us to hold Haven in contempt for failing to notify Rehm that it had removed all references to her termination from its files, post a notice of employee rights at its store locations, or file a sworn certification with the Board attesting to its compliance. We directed Haven to respond, but it did not. We then ordered Haven to show cause why the Board's petition should not be granted and confirmed with the Board that Haven had received copies of the relevant orders. Haven again failed to respond, so we held Haven in contempt. *Haven*, 60 F.4th at 1059. We informed Haven that it must take specific actions to eliminate the contempt, including fully complying with our judgment enforcing the Board's order, verifying its compliance with the order to post notices at its store locations, paying the Board all reasonable costs and attorneys' fees, and filing a sworn statement with the clerk within seven days detailing the steps it had taken to comply. *Id.* at 1060-61. We also ordered Haven to pay a fine of $1,000, as well as a daily fine of $150 that began to increase after a week. *Id.* at 1061. We also warned that the Board could seek additional remedies if Haven continued to ignore our orders. *Id.*

The clerk sent our opinion to all known addresses of Haven and Timothy Dillett by email, and certified and regular U.S. mail. The Board later sent copies of the opinion to Haven and Dillett by U.S. mail, United Parcel Service, and email, and engaged a process server to serve the opinion on Haven, Timothy Dillett, and Carley Dillett, who is the co-owner of Haven. The Board suggests, consistent with information submitted with its motion, that both Timothy and Carley concealed their identities to the process server to avoid service. The process server eventually left our opinion with the receptionist at Haven's Muskego facility, who agreed to give the document to the Dilletts or another manager.

**B.**

Civil contempt has dual purposes: to coerce the party in contempt into compliance and to compensate the complainant for losses caused by the noncompliance. *See Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019); *NLRB v. Neises Constr. Corp.*, 62 F.4th 1040, 1054 (7th Cir. 2023). Our contempt opinion described the specific actions Haven must take to eliminate the contempt and ordered it to pay two types of fines that would be forgiven if Haven demonstrated full compliance. Because Haven has not complied, the Board moves for additional remedies to encourage its compliance. It mailed and emailed its motion to Haven and Timothy Dillett. Haven has not responded to the Board's motion, has not acknowledged our contempt opinion, and has not demonstrated that it has complied with any portion of our order. In these circumstances, we conclude that further remedies are appropriate.

The Board first asks us to liquidate our award of attorneys' fees and a portion of the fines that have accrued since our February order. It requests liquidation of $23,900 in fines, which includes the initial fine of $1,000 and the daily fines that accumulated from February 28 to March 25, 2023, one week after the process server delivered our opinion to Haven's receptionist. The Board also seeks liquidation of $9,453.10 in attorneys' fees and costs it incurred in this appeal through March 2, 2023. Haven did not object to the Board's statement of fees, filed on March 6, 2023, and the attorneys' rates, number of hours, and amount requested are reasonable. To exact the penalties threatened in our contempt opinion and to coerce Haven into compliance, we hereby grant the Board's motion and order Haven to pay $23,900 in fines and $9,453.10 in attorneys' fees. *See NLRB v. Blevins Popcorn Co.*, 659 F.2d 1173, 1184 (D.C. Cir. 1981).

The Board next asks us to add Timothy and Carley Dillett as additional respondents and to hold them in contempt. The judgment we enforced in September

No. 21-2413                                                                                                                 Page 4

2021 required compliance not only by Haven, but also by its officers and agents. Timothy Dillett is Haven's Director of Operations and Carley Dillett is Haven's registered agent. A corporation must act through its officers and agents, and "it is well established that such persons can be punished for the corporation's misconduct." *NLRB v. Neises Constr. Corp.*, 62 F.4th 1040, 1059 (7th Cir. 2023); see also *Wilson v. United States*, 221 U.S. 361, 376 (1911). All indications are that the Dilletts have received notice of the Board's judgment and our orders, despite their attempts to avoid service. The Dilletts' evasion and Haven's failure to take any steps to comply with our orders suggest that the Dilletts are actively abetting Haven's noncompliance with our orders. See *Stotler & Co. v. Able*, 870 F.2d 1158, 1164 (7th Cir. 1989). Adding the Dilletts as respondents will aid our efforts in coercing Haven's compliance with our orders and purging the contempt. See *SEC v. Homa*, 514 F.3d 661, 674-75 (7th Cir. 2008). We thus add Timothy Dillett and Carley Dillett as additional respondents to this petition and hold that they are in contempt.

Finally, the Board asks us to issue a writ of body attachment directing the U.S. Marshal to bring the Dillets before a district judge or magistrate judge to compel compliance with our orders. The Dilletts, as Haven's owners, officers, and agents, are responsible for Haven's continued noncompliance with our orders and they have shown no willingness to participate or comply thus far. We agree with the Board that more coercive measures are necessary. Accordingly, the motion for a writ of body attachment is granted and the writ is issued concurrently with this order. The United States Marshal for the Eastern District of Wisconsin or for any district in which Timothy or Carley Dillett may be found, and their deputies, are directed to seize Timothy Dillett and Carley Dillett and to keep them in the custody of the Attorney General of the United States until a United States district or magistrate judge certifies to this court that the Dilletts have caused themselves fully to comply or have committed to taking immediate steps to comply with this court's judgment and contempt adjudication, or certifies that the Dilletts have clearly demonstrated that they are unable to comply. To effectuate this order, the United States Marshal is authorized to use necessary and reasonable force in entering and searching the premises in which Timothy and Carley Dillett may be found. Upon taking the Dilletts into custody, the United States Marshal shall provide them with a copy of this order and bring them immediately before a United States district or magistrate judge in the district or districts in which they have been taken into custody. The United States Marshal finally shall, to the extent feasible, notify the attorneys for the Board of the time and place that the Dilletts will be brought before the district or magistrate judge.