# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| **NATIONAL LABOR RELATIONS BOARD,** | )<br>)<br>) |
| Petitioner, | )<br>)<br>) |
| v. | ) Case No. 21-2413<br>) |
| **HAVEN SALON+SPA, INC., TIMOTHY DILLETT, and CARLEY DILLETT** | )<br>)<br>)<br>) |
| Respondents. | )<br>)<br>) |

## JOINT MOTION FOR APPROVAL OF STIPULATION AND PROPOSED CONSENT ORDER

The National Labor Relations Board ("the Board"), Haven Salon+Spa, Inc. ("Haven"), and Timothy and Carley Dillett (the "Dilletts", together with Haven, the "Respondents"), the sole parties to this litigation, hereby jointly move the Court to approve the annexed stipulation and proposed Consent Order in settlement of all costs, attorney's fees, fines, and make-whole remedies to be paid by Respondents pursuant to this Court's September 30, 2021 Judgment [Doc. 2], February 27, 2023 Contempt Order [Doc. 12], and September 1, 2023 Supplemental Contempt Order [Doc. 16] in Case No. 21-2413, and by this Court's Judgment [Doc. 2-2] in Case No. 22-1626.

                              **NATIONAL LABOR RELATIONS BOARD**

                              __s/ Helene D. Lerner      10/17/2023__
                              *Signature*                        *Date*

                              Helene D. Lerner, Assistant General Counsel for National Labor Relations Board

Contempt, Compliance & Special Litigation Branch
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20003
(202) 273-3738
Helene.Lerner@nlrb.gov


**HAVEN SALON + SPA, INC.**

__s/Timothy Dillett_____10/17/2023_____
*Signature*                    *Date*

Timothy Dillett, Owner of Haven Salon + Spa, Inc.
W145S7644 Durham Drive
Muskego, WI 53150
timothydillett@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the Court's CM/ECF system on October 18, 2023. I further certify that a copy of the foregoing was served on the Respondent by email at tim@myhavensalon.com and by first-class mail at the following address:

>Haven Salon+Spa, Inc.
>c/o Tim Dillett
>W145S7644 Durham Drive
>Muskego, WI 53150

>/s/ Arish Ali
>*Trial Attorney*

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

|  |  |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, </br></br> Petitioner, </br></br> v. </br></br> HAVEN SALON+SPA, INC., TIMOTHY DILLETT, and CARLEY DILLETT </br></br> Respondents. | Case No. 21-2413 |

**STIPULATION AND AGREEMENT OF PARTIES FOR PAYMENT OF COSTS, FEES, AND MAKE-WHOLE REMEDY**

Subject to approval of the United States Court of Appeals for the Seventh Circuit, the National Labor Relations Board ("the Board"), Haven Salon+Spa, Inc. ("Haven"), and Timothy and Carley Dillett (the "Dilletts", together with Haven, the "Respondents") hereby stipulate and agree as follows:

1. On September 30, 2021, the United States Court of Appeals for the Seventh Circuit issued a Judgment [Doc. 2] enforcing the Board's June 17, 2021 order against Haven in the above-captioned case. The Judgment required, among other things, that Haven make the charging party in the underlying unfair-labor-practice case whole for any loss of earnings and other benefits suffered as a result of the unlawful actions against her, and file with the Regional Director for Region 18 a report allocating the backpay award to the appropriate calendar year(s) and a copy of the charging party's W-2 form(s) for the year(s) for which the backpay is paid.

2. On June 1, 2022, the United States Court of Appeals for the Seventh Circuit issued a

Judgment [Doc. 2-2] enforcing the Board's March 28, 2022 order against Haven in Case No. 22-1626. The Judgment required that Haven pay the charging party $7,120.69, plus additional net backpay and interest compounded daily up to the day of payment. The Judgment also required Haven to compensate the charged party for the adverse tax consequences, if any, of receiving a lump sum backpay award and to file an appropriate report with the Board allocating the backpay award to the appropriate calendar years.

3. On February 27, 2023, the Court issued its Contempt Order and Judgment [Doc. 12] ("Contempt Order") in the above-captioned case requiring Haven to, among other things, fully comply with the Court's September 30, 2021 Judgment and pay the Board all reasonable costs and expenses, including attorney's fees. In connection with the latter instruction, the Contempt Order directed the Board to provide an accounting of its costs and attorney's fees. Additionally, the Contempt Order required Haven to pay a fine of $1,000, as well as a daily fine of $150 commencing on February 28, 2023. If Haven did not eliminate the contempt by the following week (i.e., by March 6, 2023), the daily fine would increase by $100 on each subsequent day. The Contempt Order provided Haven an opportunity to avoid all fines by filing, within the subsequent seven days, a sworn statement demonstrating compliance with the Court's and the Board's orders.

4. On March 6, 2023, the Board, pursuant to the Contempt Order, filed its Statement of Attorney Fees [Doc. 13], which calculated $9,453.10 in the Board's costs and attorney's fees.

5. Despite the Board and the Court cumulatively sending multiple copies of the Contempt Order to Respondents, the Respondents did not comply with or respond to the Contempt Order until the Court took further action, as explained below.

6. On September 1, 2023, the Court issued an Order ("Supplemental Contempt Order") [Doc. 16], which required, in relevant part, that Haven pay the Board $9,453.10 in attorney's fees and costs and $23,900 in fines, representing the accumulation of fines up to March 25, 2023, which was one week after the Board's process server delivered the Contempt Order to Haven's receptionist. The Supplemental Contempt Order additionally required Respondents to fully comply with the Court's September 30, 2021 Judgment and February 27, 2023 Contempt Order.

7. The Board and Respondents stipulate that the make-whole remedy that Respondents are required to pay to the charging party under the Court's orders is $10,811.82. Respondents will pay this amount through (a) a Wage Check made payable to the charging party in the gross amount of $5,649.60 less appropriate tax withholdings, with an accompanying statement of withholdings itemizing the taxes withheld from the Wage Check; and (b) a Non Wage Check made payable to the charging party in the amount of $5,162.22 (which includes interest accrued through October 20, 2023, expenses, and excess taxes), from which no withholdings or deductions shall be made.

8. The Board and Respondents stipulate that Respondents will pay the Board's attorney's fees and expenses through a check made payable to the National Labor Relations Board in the amount of $9,453.10. By October 20, 2023, Respondents will send this check, as well as the two checks and statement of withholdings stipulated to in paragraph 7, to National Labor Relations Board SubRegion 30, addressed at 310 West Wisconsin Avenue Suite 450, Milwaukee, Wisconsin 53203, to the attention of Compliance Officer Richard Neuman. A delay in providing the make-whole checks past October 20, 2023 will result in the amount in the Non Wage Check being updated to include additional interest.

9. The Board and Respondents stipulate that Respondents will additionally complete a report allocating the backpay paid in the make-whole remedy to the appropriate calendar year(s), with the assistance of the Board's Compliance Officer if needed, and will provide to the Board the charging party's W-2 forms for the year(s) for which the backpay is paid.

10. To avoid further litigation, to enable Haven to continue operating with sufficient resources and pay its employees, and to preserve the Court's and the Board's resources, the Board and Respondents stipulate that the $23,900 in contempt fines assessed against Haven will be resolved and disposed of by entry of the attached Consent Order.

11. The parties will jointly move the Court to approve and enter the attached Consent Order.

IT IS SO AGREED:

**NATIONAL LABOR RELATIONS BOARD**

_s/ Helene D. Lerner        10/17/2023_____
*Signature                   Date*

Helene D. Lerner, Assistant General Counsel for National Labor Relations Board
Contempt, Compliance & Special Litigation Branch
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20003
(202) 273-3738
Helene.Lerner@nlrb.gov


**HAVEN SALON + SPA, INC.**

__s/ Timothy Dillett        10/17/2023_____
*Signature                   Date*

Timothy Dillett, Owner of Haven Salon + Spa, Inc.
W145S7644 Durham Drive
Muskego, WI 53150
timothydillett@gmail.com

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

|  |  |  |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 21-2413 |
| Petitioner, | | |
| v. | | |
| HAVEN SALON+SPA, INC., TIMOTHY DILLETT, and CARLEY DILLETT | | |
| Respondents. | | |

# (PROPOSED) CONSENT ORDER

The National Labor Relations Board ("the Board"), Haven Salon + Spa, Inc. ("Haven"), and Timothy and Carley Dillett (the "Dilletts", together with Haven, the "Respondents"), having entered into a Stipulation for the entry of this Consent Order,

    I.  IT IS ORDERED that the Stipulation dated October 17, 2023, entered into by the parties for resolving Respondents' liability for any costs, attorney's fees, fines, and make-whole amounts imposed by this Court's September 30, 2021 Judgment [Doc. 2], February 27, 2023 Contempt Order [Doc. 12], and September 1, 2023 Supplemental Contempt Order [Doc. 16] in Case No. 21-2413, and by this Court's Judgment [Doc. 2-2] in Case No. 22-1626, is approved and shall be filed.

    II.  IT IS FURTHER ORDERED that Respondents shall fully comply with this Consent Order, and not in any way, by action or inaction, engage in, induce, encourage, permit or condone any violation of this Consent Order.

    III.  IT IS FURTHER ORDERED that Respondents' payment of the $23,900 assessed against Haven in fines to the Board shall be suspended on condition of Respondents' compliance

with this Consent Order. Payment of the $23,900 shall become due and payable in the event of Respondents' noncompliance with the Consent Order. If Respondents fully comply with the Consent Order, the Board will waive and disclaim its right and ability to collect payment.

    IV. IT IS FURTHER ORDERED that Respondents are hereby assessed the sum of $10,811.82 to be paid to the charging party as a make-whole remedy. This sum shall be paid through the method outlined in the Stipulation no later than October 20, 2023.

    V. IT IS FURTHER ORDERED that Respondents will pay the sum of $9,453.10 for the Board's costs and attorney's fees. This sum shall be paid to the Board in the method outlined in the stipulation no later than October 20, 2023.

ENTERED BY ORDER OF THE COURT:

Date: _____                  _____
                                                                                     Circuit Judge

Date: _____                  _____
                                                                                      Circuit Judge

Date: _____                  _____
                                                                                      Circuit Judge