In the

# United States Court of Appeals

### For the Seventh Circuit

No. 21-2413

NATIONAL LABOR RELATIONS BOARD,

*Petitioner*,

*v.*

HAVEN SALON + SPA, INC.,

*Respondent*.

On Application for Summary Entry of a Judgment Enforcing an Order of the National Labor Relations Board.
Agency Case Nos. 18-CA-266091 & 18-CA-267818

SUBMITTED FEBRUARY 9, 2023 — DECIDED FEBRUARY 27, 2023

Before EASTERBROOK, HAMILTON, and SCUDDER, *Circuit Judges*.

SCUDDER, *Circuit Judge*. Parties ignore court orders at their peril. This is true in civil and criminal litigation, and this opinion reinforces that the point applies with full force to orders of the National Labor Relations Board. Haven Salon + Spa's refusal to comply fully with a Board order entered in response to the company's wrongful termination of an employee—as well as its disregard of two orders entered by our court—

leads us to hold Haven in contempt and to increase the costs of the firm's persistent noncompliance.

I

In May 2020 Katherine Rehm worried that Haven was not doing enough to protect her and other employees from COVID. Over the next few months, she discussed her concerns with Timothy Dillett, Haven's Director of Operations and co-owner. Dillett did not react well to Rehm's suggestions. Tensions further mounted after Rehm sent a staff-wide email criticizing Dillett's handling of COVID health risks. Dillett responded by firing her. And when Dillett heard that Rehm had complained to the Board about her termination, he threatened legal action against her and her family.

At that point the Board got involved. After a hearing, an administrative law judge found that Haven had unlawfully terminated and threatened Rehm in violation of the National Labor Relations Act. See 29 U.S.C. § 158(a)(1). The ALJ recommended that the Board order Haven to compensate Rehm for lost pay and other expenses, offer to rehire her, notify her that it had removed references to her unlawful termination from her employee file, post notices of employee rights in its store locations, and file a sworn certification with the Board attesting to its compliance, among other steps.

The Board notified Haven that it would automatically adopt the ALJ's recommendations unless the firm challenged the proposed order. See 29 U.S.C. § 160(c); 29 C.F.R. §§ 102.46, 102.48. Haven never did. Because the Board's orders are not self-executing, the Board came to our court requesting that we summarily enforce its order. See 29 U.S.C. § 160(e). We granted the Board's application in September 2021.

But Haven still failed to satisfy three of the Board's requirements. It did not notify Rehm that it had removed all references to her termination from its files. It did not post a notice of employee rights at its store locations. And it did not file a sworn certification with the Board attesting to its compliance.

So the Board returned to us in December 2022, this time asking that we hold Haven in contempt. We directed the company to respond to the Board's petition. Haven did nothing. From there we ordered Haven to show cause for why the Board's petition should not be granted. Haven disregarded that order too.

We then took the extra step of asking the Board to confirm that Mr. Dillett or another representative of Haven had received copies of the pertinent orders. The Board responded with a detailed account of the measures it has taken to ensure Mr. Dillett received the orders. All indications are that Mr. Dillett is intentionally ignoring the Board and now our court.

## II

Once we enforce a Board order, "violations of it expose the violator to proceedings for contempt." *NLRB v. P*I*E Nationwide, Inc.*, 894 F.2d 887, 890 (7th Cir. 1990). Contempt is warranted if the Board establishes by clear and convincing evidence that (1) a court order set forth an unambiguous command; (2) Haven violated that command; (3) the violation was significant, which means that Haven did not substantially comply with the order; and (4) Haven failed to make a reasonable and diligent effort to comply. See *Ohr ex rel. NLRB v. Latino Express, Inc.*, 776 F.3d 469, 474 (7th Cir. 2015).

Haven's conduct meets these criteria. On two prior occasions, we ordered Haven to respond to the Board's petition for contempt. Haven has not complied. Indeed, we have not heard a word from Haven. And the Board's most recent submission indicates that Haven's strategy is to hope everything somehow goes away by ignoring the Board and court. This cannot stand.

We therefore hold Haven in contempt. To eliminate the contempt, Haven must:

1. Fully comply with our judgment enforcing the Board's order;

2. Upon posting the notices required by the Board's order, provide the Board's regional director within seven days from the date of this opinion with a signed copy of the posted notices, information about where the notices are posted, and access to the notices to verify Haven's compliance;

3. Pay the Board all reasonable costs and expenses, including attorneys' fees; and

4. File a sworn statement with the clerk of this court within seven days from the date of this opinion, attesting to the steps that Haven has taken to comply and the precise dates on which it took these steps.

We also order Haven to pay a fine of $1,000, as well as a fine of $150 per day for every day of the next week that Haven fails to comply. The daily fines will commence on February 28, 2023. The daily fine will then increase by $100 each day that Haven fails to comply beyond the next week. This means

that on March 7, 2023, the $150 fine will become a $250 fine, and on March 8, 2023, the $250 fine will become a $350 fine, and so on.

We will forgive the fines only if Haven files a sworn statement within seven days of this opinion demonstrating full compliance with the Board's order and our requirements. See *Blankenship & Assocs., Inc. v. NLRB*, 54 F.3d 447, 450 (7th Cir. 1995) (citing *International Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827, 828–29 (1994)) (noting that "a civil fine for contempt that is forgiven if the contempt is purged [] is a standard remedy in civil contempt").

We direct the Clerk of Court to send this opinion by certified U.S. mail and email to all known addresses of Haven and Timothy Dillett. We also direct the Board to provide an accounting of its costs and its attorneys' fees within seven days of this opinion. Should Haven continue to disregard this court's orders, the Board may seek additional remedies, as appropriate. It is so ORDERED.

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit